The Town of Eagle River vs. Oneida County.

THE TOWN OF EAGLE RIVER, Respondent, vs. ONEIDA COUNTY, Appellant.

*October 2 — October 17, 1893.*

*Counties: Employment of attorney through agency of town: Action to set aside taxes: Real party in interest.*

In an action against a county to set aside certain taxes, two items of which were to pay indebtedness of a town, there was a judgment setting aside said items and sustaining the others, and giving costs against the county. The county appealed from the part of the judgment against it, and the plaintiffs also appealed. The county board authorized said town to employ an attorney to take entire charge of the cause in the supreme court. The town did so, and paid his fees and disbursements. *Held,* that the county was the real party in interest in the action; that it had power to employ, or to authorize the town to employ for it, counsel to attend to the cause in the supreme court; and that it was liable to reimburse the town for said expenditures. Sec. 752, R. S. (requiring the district attorney to prosecute or defend all actions in which the county is interested or a party, "in the circuit court"), is not applicable.

APPEAL from the Circuit Court for *Oneida* County.

The plaintiff town appealed to the circuit court from the action of the county board of *Oneida* county in disallowing a bill for attorney's fees and disbursements paid by said town and presented by it for audit to said county board. The cause was tried by the court without a jury. The facts are stated in the opinion. The defendant appeals from a judgment in favor of the plaintiff for the amount of said bill, with costs.

*Sam S. Miller,* for the appellant, contended that the judgment should be reversed because the facts show no liability on the part of the county to pay the claim; because the plaintiff voluntarily paid the money without being requested to do so by the county; and because it is not equitable, the debt being equitably that of the town, and it having precluded the county from auditing the claim.

For the respondent there was a brief by *Neal Brown* and *L. A. Pradt*, and oral argument by *L. J. Billings* and *Neal Brown*. They cited *McCrary v. Ruddick*, 33 Iowa, 521; Mechem, Agency, 601.

ORTON, J. The facts of this case are extremely meager, and are very much left to inference or intendment. There is no bill of exceptions, and the only question presented is whether the findings of the court support the judgment. What little record we have here would seem to imply, rather than state, that there were two actions in the circuit court of Brown county, in one of which one G. C. Hixon and others were plaintiffs, and in the other Walter A. Scott, as trustee, was plaintiff, against the county of *Oneida* and others as defendants, for the purpose of setting aside certain illegal taxes, two items of which were to pay certain indebtedness of the town of *Eagle River*. The circuit court found that said two items were illegal and void, and judgment was rendered against the county in both cases, and for costs. The county appealed from those parts of the judgments which set aside said two items of the taxes, and which gave costs to the plaintiffs.

The other facts are in the findings: *First.* "By resolution of the county board of said county, dated June 10, 1891, the town of *Eagle River*, the plaintiff herein, was authorized to employ attorneys to take entire charge in the supreme court" (of said causes). It seems that the plaintiffs in said actions also appealed from those parts of the judgment which were adverse to them, to the supreme court. *Second.* "By virtue of said resolution, and pursuant thereto, the plaintiff town assumed such charge, and employed L. J. Billings, Esq., attorney, to prosecute said appeals in the supreme court." *Third.* On said appeals the said judgments were reversed, and the validity of the

taxes and ·of said items thereof was sustained. *Fourth.* An itemized bill of the fees, costs, and disbursements of said attorney in said cases, together with a report of the proceedings, were made and presented to said plaintiff town for payment, as a charge against said county defendant, and said town allowed and paid the same. *Fifth.* Thereafter, on the 28th day of November, 1892, the plaintiff town presented said account so paid, with the report, to the county board of the defendant county, for allowance and payment, and said board wholly disallowed the same. The said town appealed from said order of disallowance to the circuit court.

The conclusion of law was that the plaintiff is entitled to recover against the defendant the sum of $565.75, according to said account so allowed and paid by the plaintiff as aforesaid; and judgment was rendered for the same, with interest and costs, and the county defendant has appealed therefrom to this court.

The first contention of the learned counsel of the appellant is that the county had no interest in the suits, but the town was the real party in interest. The town may have been incidentally interested in those two items of the taxes. All the taxes were sustained except those two items, and the plaintiffs in the actions appealed also. It follows that the county had the main interest in the suits. But the county is the party to be sued in such a case, as the real party in interest, and the town could not be made a party. The duty of defending the actions was on the county alone, and the county is liable for the costs in case of defeat.

Second, it is contended that it was the duty of the district attorney to attend to the suits, and the county is not authorized to employ other attorneys. The statute (sec. 752, R. S.) is cited to this point. That statute makes it the duty of the district attorney "to prosecute or defend all

actions, civil or criminal, in which the state or county is interested or a party, *in the circuit court.*" These cases were in the supreme court, and the statute is not applicable. It would seem to be' a duty, from necessity, for a county to employ legal counsel to attend to cases against it in the supreme court. It has the legal capacity to sue and be sued, and to appeal to the supreme court, and it is its duty, by implication, when it has a case pending in the supreme court, to attend to it and see that it is properly presented to that court; and connected with such a duty it must have the *power* to employ legal counsel for such purpose, and if he has such power it must have the power to direct or authorize some one to employ such counsel for and on its behalf. Municipal corporations, as well as others, must act through agents. Here it authorized the town to act as its agent in employing counsel to attend to these cases in the supreme court. The town accepted this agency, and not only employed counsel but paid his fees and disbursements. The town, being incidentally interested, might well accept such an agency. It cost the town $565.75, which it expended in this business of the county, and there is an implied liability of the county to reimburse the town. But, even if this power was doubtful, it was an executed contract, and for the benefit of the county, and the town has expended this amount for the benefit of the county, and the county is equitably estopped from now denying its liability. The appeals were successful, and the county was benefited by the care and labor it authorized and employed the town to expend and bestow in this business. But we do not think the *power* was wanting.

The judgment appears to be just and fair, and there does not appear to be any legal error in the record. The findings clearly support the judgment.

*By the Court.*— The judgment of the circuit court is affirmed.