## The Mobile and Ohio Railroad Company

*v.*

## Dennis Godfrey.

*Filed at Mt. Vernon January 14, 1895.*

1. INSTRUCTIONS—*must not ignore the theory of defense.* Where the defense of fellow-servants is set up to an action by an employee for personal injury occasioned by a collision of trains, an instruction which wholly ignores the defense is erroneous.

2. SAME—*must be based upon the evidence in the case.* An instruction basing the right of recovery of a railroad employee upon the failure of the company to use reasonable care in the selection of competent servants, is erroneous, where there is no evidence that the servants were incompetent.

3. TRIAL—*question in what capacity servant acts, is for the jury.* The question in which of the two capacities—that of conductor or that of foreman of the track hands—an employee was engaged at the time of his negligence resulting in an injury to one of the hands, as bearing upon the question whether he was a fellow-servant or not, is for the jury.

4. FELLOW-SERVANTS—*relation of servants determined by their duties.* One servant may be, in relation to a co-servant, a vice-principal in one relation and a fellow-servant in another, depending on the particular duties he is discharging at the time.

5. EVIDENCE—*incompetency of servant not presumed from accident.* Incompetency of employees cannot be presumed from the fact that an accident happened in the course of their employment.

*Mobile and Ohio Railroad Co.* v. *Godfrey,* 52 Ill. App. 564, reversed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Jackson county; the Hon. JOSEPH P. ROBARTS, Judge, presiding.

This case, with one of the same appellant against
Fannie Massey, administratrix, was submitted to this
court at the May term, 1894.  The titles of both cases
were placed at the head of the same statement, etc., and
both cases were referred to in the same brief.  From a
statement made by counsel for appellant the court was
induced to believe the identical questions were involved
in each, and an opinion having been filed in the case of
*Mobile and Ohio Railroad Co.* v. *Massey*, 152 Ill. 144, a per
curiam opinion was filed in this case, without further
examination, disposing of this case in the same way as
the *Massey case*.  A petition for rehearing was filed, and
the court, finding the declaration and instructions were
different in this case, granted a rehearing.  The facts in
evidence as to the cause of injury in this case are sub-
stantially the same as in the *Massey case*, and will not be
repeated here.

The first count of plaintiff's declaration charges that
the defendant so carelessly, negligently and recklessly
operated, managed and controlled its train on which
plaintiff was being carried from his work, that it collided
with another train of said defendant.  The third count
alleges that the defendant so carelessly, negligently and
recklessly managed, operated and controlled one of its
trains on its road that it collided with the locomotive
and train of cars on which plaintiff was being carried
from his work.  The fourth count alleges the defendant
carelessly, negligently and recklessly managed, operated,
controlled and moved its locomotive and train on which
plaintiff was being carried, without a head-light and at a
high rate of speed, because of which said train collided
with another of defendant's locomotives and trains.  The
fifth count alleges that it was the duty of defendant to
employ and provide reasonable, competent, careful and
accomplished servants to manage, control and operate
its trains whilst plaintiff was being carried from his
work, but the defendant did not regard its duty in that

respect, and by reason of the incompetency and unskillfulness of defendant's servants the train on which he was riding collided with another of defendant's trains. To the second count a demurrer was sustained.

The plaintiff was in the employ of the defendant as a shoveler on a work train, and one Rathwell was the conductor and foreman and one Cutler the engineer. No evidence was offered as to the skillfulness, competency and carefulness of defendant's servants. The theory of the defense was that Rathwell was the fellow-servant of the plaintiff.

The court, at the request of the plaintiff, gave instructions 1 and 2, as follows:

1. "In this case, if you believe, from the weight of the evidence, that the injuries complained of in the declaration were received by the plaintiff substantially as is alleged in the declaration, as a result of a collision of two of defendant's engines and trains, and that said collision was the result of the negligence of Ben Rathwell, the conductor of the dirt and construction train, then you should find the defendant guilty.

2. "The jury is instructed that the Mobile and Ohio Railroad Company is required, by the law, to use reasonable care and caution in the selection and employment of competent persons to manage its business, so that no unnecessary risks shall be incurred by any of its servants in the discharge of their duties; and if you believe, from the weight of the evidence, that the defendant had not done so, and that the complainant received the injuries complained of in the declaration by reason of such negligence, then the defendant is liable for the injuries sustained, provided the plaintiff was using reasonable care and caution to avoid the injury."

And the court was requested by defendant to give instruction No. 7, as follows:

"The court instructs you, that if you believe, from the evidence, that the said conductor, Rathwell, the said

engineer, Cutler, of the said work train, were associated with the plaintiff and others, as laborers or shovelers, in doing the work done in connection with or by the use of the said work train, and that they had been engaged for six or more weeks, and that in doing their work of loading and unloading the train and in running and operating the same, they, as conductor, engineer, fireman, laborers or shovelers, were brought together so that they could mutually see and observe each other, and ascertain whether the said conductor, engineer, fireman and laborers were negligent or careless in the discharge of his or their respective duties, and that from their observation of each other in the discharge of their duties they would or might be enabled to guard against the negligence or carelessness of one another, then, and in such case, the conductor, engineer, fireman and laborers or shovelers were fellow-servants with the plaintiff, and he is not entitled to recover for any injury arising out of negligence on the part of said conductor or engineer on the occasion in question, and you should find the defendant not guilty."

Which the court refused to give to the jury, and the defendant excepted. A verdict and judgment were rendered for $10,000, and that judgment was affirmed by the Appellate Court, and this appeal is prosecuted.

LANSDEN & LEEK, for appellant.

SMITH, McELVAIN & HERBERT, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Where a servant brings his action against the master for personal injuries alleged to have been caused by the negligence of a co-servant, and the master denies a right of recovery, claiming the servant injured is a fellow-servant of the one causing the injury, it is the province of the court to state the rule that constitutes fellow-

servants, and it is a question of fact, for the jury to determine from the evidence, whether the different servants are fellow-servants, within the rule. (*Indianapolis and St. Louis Railroad Co.* v. *Morgenstern,* 106 Ill. 216; *Chicago and Northwestern Railway Co.* v. *Moranda,* 108 id. 576; *Lake Erie and Western Railroad Co.* v. *Middleton,* 142 id. 550; *Pullman Palace Car Co.* v. *Laack,* 143 id. 242.) In such case, it is important that the rule should be correctly stated and the question of fact submitted to the jury for determination under proper instructions.

The first instruction given for the plaintiff wholly disregarded the theory of the defense, and determined the relation of the plaintiff and the conductor as fellow-servants as a question of law, leaving the jury to find, alone, whether the injury to plaintiff was caused by the negligence of the conductor. In this there was error.

No evidence was offered to show that the servants of the defendant in charge of the train were incompetent, careless or unskillful, and in the absence of such evidence there was nothing on which to base the second instruction. It was not to be presumed because of the happening of the accident, alone. It was error to give the second instruction for the plaintiff.

The objections made to other of plaintiff's instructions, under the evidence, are not tenable.

There are certain duties of the master that are non-assignable,—that is, when delegated to another that other occupies the relation of vice-principal, for whose negligence and want of care the master is responsible. Among such duties, with the assumption by the servant of the ordinary hazards in such case, are, that he shall exercise reasonable care to see that tools, appliances and machinery are reasonably safe, and must use reasonable care that the place where the servant works is reasonably safe; to exercise ordinary care in the selection of superintending fellow-servants, and where he has notice of the unfitness of a fellow-servant, to discharge him;

to inform the servant of special dangers of his situation, and of the machinery and appliances with and about which he is employed, where he is uninformed, and, within the rules we have stated in *Monmouth Mining and Manf. Co.* v. *Erling*, 148 Ill. 521, to use reasonable care to keep in repair machinery, tools and appliances with which and where the servant is employed. Almost all other duties are assignable, and where the master has complied with his non-assignable duty of using ordinary care in the selection of a servant to whom such duties are intrusted, for an injury occurring through such servants neglect to another servant the master is not responsible, because their relation is that of fellow-servants. One servant may be, in relation to a co-servant, a vice-principal in one relation and a fellow-servant in another, the particular relation depending on the particular duties he is discharging at the time. It is not for the court to determine whether the plaintiff, in relation to Rathwell, was a fellow-servant with him, as conductor. Rathwell also discharged the duties of foreman, and, under proper instructions, it would be a question for the jury to determine if there was negligence on the part of Rathwell, and if so, in which relation it occurred. . The seventh of defendant's refused instructions omitted all reference to the duties of Rathwell as foreman, and sought to determine, as a matter of law, that the injuries resulted from his acts as conductor. In this it was erroneous, and it was not error to refuse the same.

For the errors in giving plaintiff's first and second instructions the judgments of the Appellate and circuit courts are reversed, and the cause remanded to the circuit court of Jackson county.

*Reversed and remanded.*