OLIVER W. NORTON *et al.*

*v.*

JOHN VOLZKE, by his next friend.

*Filed at Ottawa October 11, 1895.*

1. NEGLIGENCE—*degree of care required of a child.* The law requires of one of tender years only that degree of care which one of that age would ordinarily and reasonably use in the same situation and under like circumstances.

2. SAME—*liability for combined result of accident and negligence.* An injury received as the combined result of an accident and of negligence on the part of another, which would not have occurred but for such negligence, renders the negligent party liable if the danger could not have been foreseen or avoided by reasonable care and prudence on the part of the person injured.

3. EVIDENCE—*jury may estimate damages from injury without opinions of witnesses.* In an action for personal injuries, such as the loss of the fingers of a hand, the jury may themselves estimate the amount of damages from the facts and circumstances in proof, by considering them in connection with their own knowledge and experience in the affairs of life, without estimates from witnesses.

4. MASTER AND SERVANT—*executive duties which master cannot assign to others.* Among the duties of a master that are non-assignable are the exercise of reasonable care as to the safety of tools, appliances and machinery and the place where a servant works, as well as the giving of information of special danger of the situation and of the machinery and appliances, where the servant is not informed.

5. TRIAL—*court may submit special findings of its own motion.* The court may submit such other special findings to the jury as in its judicial discretion may seem proper, in addition to those which the parties have requested.

6. APPEALS AND ERRORS—*when refusal to submit special finding is not error.* Refusal to submit a special finding on request is not material error if an answer would not have tended to anything decisive, or if the answer to another finding is equivalent to an answer to the one requested.

*Norton* v. *Volzke,* 54 Ill. App. 545, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

This was an action for damages for personal injuries sustained by appellee while employed in appellant's factory at Maywood. At the time of his employment and at the date of his injury, in September, 1888, he was not eleven years of age. The declaration charges that he was employed by defendants around machinery dangerous to life and limb of any child under fourteen years of age, and while so employed and exercising due care and diligence, etc., he lost the fingers of his right hand, etc.; that the machinery on which he was set to work used divers cog wheels, which were negligently left in an unprotected and unguarded condition, by reason of which the injury occurred. The case was tried before a jury in the circuit court of Cook county, resulting in a verdict and judgment for plaintiff of $1700, and on appeal to the Appellate Court this judgment was affirmed.

On the trial of the cause in the circuit court four instructions were given by the court to the jury on behalf of plaintiff and seven for defendants. Error is assigned to the giving by the lower court of each and all of the four instructions for plaintiff. These instructions are as follows:

1. "The jury are instructed that in determining the relative degree of care or want of care manifested by the parties at the time of the injury, the age and discretion of the party injured are proper subjects for the jury. The law does not require that a child shall exercise the same degree of care and caution as a person of mature years, but only such care and caution as a person of his age and discretion would naturally and ordinarily use.

2. "The jury are instructed that the rule as to contributory negligence of a child is, that it is required to exercise only that degree of care which a person of that age would naturally and ordinarily use in the same situation and under the same circumstances.

3. "The court instructs the jury, as a matter of law, that if a person receives an injury as a combined result

of an accident and of negligence on the part of another, and the accident would not have occurred but for such negligence, and the danger could not have been foreseen or avoided by the exercise of reasonable care and prudence on the part of the person injured, taking into consideration all the facts and circumstances of the case, then the person guilty of the negligence will be liable for the injury received.

4. "If, from the evidence in the case and under the instructions of the court, the jury shall find the issues for the plaintiff, and that the plaintiff has sustained damages as charged in the declaration, then, to enable the jury to estimate the amount of such damages, it is not necessary that any witness should have expressed an opinion as to the amount of such damages, but the jury may themselves make such estimate from the facts and circumstances in proof, and by considering them in connection with their own knowledge, observation and experience in the business affairs of life."

Certain special findings were, at the request of defendants' counsel, submitted to the jury, and were as follows:

1. "Was the plaintiff, at the time of the injury, of sufficient age and intelligence to know the danger of placing his fingers between the cog wheels where the injury occurred, while said cog wheels were in motion, as shown by the evidence?

2. "Was the machinery where the plaintiff was injured out of repair?

3. "Was there anything in the employment of plaintiff that required him to place himself in the position he occupied at the time of the injury?

4. "Was the plaintiff directed, by any person authorized to give him directions, to do what he was doing at the time of the injury?"

The circuit court also, of its own motion and without the request of either party, submitted the following two findings to the jury:

5. "Was it the duty of Norton Bros. to have placed a guard or cover about the cog wheels?

6. "Was the plaintiff of sufficient age to know the danger of his employment?"

The submission of these two questions is assigned as error, and it is urged that the court, of its own motion, had no power to submit special findings to the jury.

The court was also asked to instruct the jury to return answers to the two following questions submitted by defendants' counsel:

"Did the defendants omit to do anything that ordinarily prudent and careful persons would have done under the circumstances?

"Did the defendants do anything that ordinarily prudent and careful persons would not have done under the circumstances?"

This the circuit court refused to do, and it is said that therein it erred.

R. S. THOMPSON, for appellants:

The employee assumes, as a part of his contract of hiring, all the ordinary known dangers of his employment. *Railroad Co.* v. *Flanigan*, 77 Ill. 365; *Railroad Co.* v. *Cox*, 21 id. 20; *Richardson* v. *Cooper*, 88 id. 270; *Pennsylvania Co.* v. *Lynch*, 90 id. 333.

The fact that the employee is a child does not free him from the operation of this rule. *Gartland* v. *Railroad Co.* 67 Ill. 498; *Glover* v. *Gray*, 9 Ill. App. 329; *Buckley* v. *Gutta Percha Manf. Co.* 113 N. Y. 540; *DeGraff* v. *Railroad Co.* 76 id. 125; *King* v. *Railroad Co.* 9 Cush. 112.

It is not the duty of an employer to instruct a servant as to an obvious danger, even though the servant be a minor. *Railroad Co.* v. *Adams*, 105 Ind. 151.

If the employee has gained a knowledge of the dangers of his employment from experience or other source, the failure of the employer to caution him as to such dangers will not make him liable for injuries received by the em-

ployee. *Buckley* v. *Gutta Percha Manf. Co.* 113 N. Y. 540; *Milling Co.* v. *Spehr*, 145 Ill. 329; *Palmer* v. *Harrison*, 57 Mich. 182; *Sullivan* v. *India Manf. Co.* 113 Mass. 399.

The burden is on the plaintiff to prove that he was a person of inexperience and immature judgment, and incapable of appreciating the danger of his situation. *Sullivan* v. *India Manf. Co.* 113 Mass. 399; *Pressed Brick Co.* v. *Reinneiger*, 140 Ill. 334.

If the employee continues in the employment after knowledge of its dangers, he cannot, after injury, complain that the danger might have been lessened by the employer. *Sullivan* v. *India Manf. Co.* 113 Mass. 399; *Shaw* v. *Sheldon*, 3 N. Y. 679; *Stephenson* v. *Duncan*, 73 Wis. 404.

An employer is not bound to provide absolutely safe machinery. *Shroeder* v. *Car Co.* 56 Mich. 132; *Wagon Co.* v. *Kehl*, 139 Ill. 657; *Camp Point Manf. Co.* v. *Ballou*, 71 id. 421; *Railway Co.* v. *Asbury*, 84 id. 429; Shearman & Redfield on Negligence, secs. 87-92; *Moulton* v. *Gage*, 138 Mass. 390.

An employer is not liable to his servant when the cause of the injury is purely accidental. *Lewis* v. *Railroad Co.* 54 Mich. 55; *Richards* v. *Rough*, 53 id. 212; *Gassaway* v. *Railroad Co.* 69 Ga. 347; 14 Am. & Eng. Ency. of Law, 890; *Hickey* v. *Taafe*, 105 N. Y. 26.

Questions submitted to the jury with a request for special findings must be restricted to those ultimate facts upon which the rights of the parties directly depend. Special findings upon merely evidentiary facts are improper. *Railway Co.* v. *Dunleavy*, 129 Ill. 132.

PEASE & McEWEN, for appellee:

Infancy at any age is a fact tending to prove incapacity. *Milling Co.* v. *Spehr*, 46 Ill. App. 24.

No rule can be laid down as to the negligence of infancy—it is always a question of fact. *Railway Co.* v. *Wilcox*, 138 Ill. 370.

The master can not direct a servant to work in a dangerous place. *Ice Machine Co.* v. *Kiefer*, 26 Ill. App. 466.

A willful neglect to provide proper protection to an employee in a dangerous occupation is gross negligence. *Railroad Co.* v. *Hines*, 33 Ill. App. 271.

The rule that the employee assumes the risk of his employment does not apply to young persons. The infant must be informed of his danger. *Milling Co.* v. *Spehr*, 145 Ill. 329.

As to the assumption of risk by a child, see *Milling Co.* v. *Spehr*, 145 Ill. 334.

A child is entitled to be put in possession of that knowledge which, to adults, comes from experience and mature judgment. 2 Thompson on Negligence, 978; Deering on Negligence, sec. 197; Wood on Master and Servant, sec. 350.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

It is not the province of this court to consider any questions of fact involved in this record. The case was tried in the circuit court before a jury, with a verdict for plaintiff, and the Appellate Court, by its judgment of affirmance, has settled all questions of fact, carrying with it also a finding of the negligence of appellants. By these facts we are bound, and a discussion of them is unnecessary. It is only necessary, therefore, to consider whether the jury were properly instructed by the trial court, or whether there was error in the giving or refusing of the special findings asked to be submitted to the jury.

All the instructions may be considered together. These instructions inform the jury that the age and discretion of the party injured are proper subjects for inquiry; that the law does not require one of tender years to exercise the same degree of care and caution as a person of mature years, and that a child is only required to exercise that degree of care which one of that age would naturally and reasonably use in the same situation and under like circumstances. In *Herdman-Harrison Milling Co.* v. *Spehr*, 145

Ill. 329, (a case similar, in many respects, to this,) this court said (p. 333): "If plaintiff had been an adult, with unimpaired natural faculties, he would, unquestionably, on the case made, be held to have assumed the risk of his employment, with the machinery uncovered as it was, when he entered the service of appellant. It is not claimed that the danger to which he was exposed by reason of the gear being left uncovered was not patent to every one of ordinary intelligence and experience. It is alleged in the declaration that for a year prior to the injury plaintiff had been in the same employment, the machinery remaining in the same condition.  *  *  * That, as between employer and employee, the latter assumes all the usual known dangers incident to the employment, and that he also takes upon himself the hazard of the use of defective tools and machinery if, after his employment, he knows of the defects but voluntarily continues in the employment without objection, are familiar rules of law often recognized by the decisions of this and other courts. That this general rule does not apply to employees who, from youth or want of the natural faculties, are unable to appreciate the danger incident to the employment, or which may result from the continued use of defective machinery or tools, is equally well settled. Such employees are entitled, at the hands of their employers, to instructions as to the danger and how to avoid it,—in other words, they are entitled to be put in possession of that knowledge which to adults comes from experience and mature judgment. 2 Thompson on Negligence, 978; Deering on Negligence, sec. 197; Wood on Master and Servant, sec. 350." See, also, *Jones* v. *Florence Mining Co.* 86 Wis. 268; *Springfield Consolidated Railway Co.* v. *Welsch*, 155 Ill. 511.

It is urged that these instructions assume to prove matters which are in controversy; that they do not direct the minds of the jurors to the evidence in the case, and that they fail to introduce any comparison between the

negligence of plaintiff and that of defendants. We are
not able to see that these instructions are subject to the
objections urged against them. While it is true, per-
haps, that these instructions might have been more skill-
fully drawn, they correctly state the law in this State,
and the jury could not have been deceived or misled by
them. The jury, in answering the special findings pro-
pounded to them under the direction of the court, found
as a question of fact that the plaintiff was not of suffi-
cient age to know the danger of his employment. The
instructions on behalf of the defendants fully instructed
the jury as to all the phases, and we are unable to per-
cieve from the instructions as a whole, and from the
answers returned by the jury to the special findings, that
the jury were in any manner misled, or that the interests
of the defendants were in any way prejudiced by the in-
structions given on behalf of the plaintiff. They found
negligence on the part of the defendants. We have here-
tofore held that there are certain duties of the master
that are non-assignable. Among said duties are, that he
shall exercise reasonable care to see that tools, appli-
ances and machinery are reasonably safe, and must use
reasonable care that the place where the servant works
is reasonably safe; to inform the servant of special dan-
ger of his situation, and of the machinery and appliances
with and about which he is employed, where he is not
informed. *Mobile and Ohio Railway Co.* v. *Godfrey*, 155 Ill. 78.

It is also urged as error that the court, on its own
motion, submitted two special findings to the jury. We
are unable to see the impropriety, where special findings
are requested to be submitted to the jury by either party,
of the court adding or submitting such other special find-
ings to the jury as in its judicial discretion may seem
proper. The main object to be attained in all such cases
is that substantial justice may be done between the liti-
gating parties, and if the submission of such special find-
ings, proper in form and pertinent to the case, by the

court on his own motion, may tend to this, there is no error. The two special findings submitted by the court in this case were entirely proper and pertinent, and there was no error in the court submitting them to the jury on its own motion. The court has the same right, of its own motion, to submit to a jury special propositions on which to find, as to give instructions.

The two interrogatories submitted by defendants and refused by the court were as follows:

"Did defendants omit to do anything that ordinarily prudent and careful persons would have done under the circumstances?

"Did the defendants do anything that ordinarily prudent and careful persons would not have done under the circumstances?"

The jury, by their answer to special finding 5, have answered that appellants should have placed a guard or cover about the cog wheels, which is equivalent to answering "yes" to the first question. Whether the jury had answered "yes" or "no" to the second question would not have tended to anything decisive in the case. If the answer had been "no," it still would have remained undetermined as to what had been done by defendants that ordinarily prudent and careful persons would not have done. We find no error in the trial court refusing to submit these two findings.

Perceiving no error in the instructions or in the special findings submitted and refused by the court, we do not find that there is any sufficient reason in this record why this cause should again be submitted to another jury, and the judgment of the Appellate Court is therefore affirmed.          *Judgment affirmed.*