BILLINGS, Appellant, vs. ONEIDA COUNTY, Respondent.

*February 11 — March 1, 1898.*

(1) *District attorney: Recovery for extra services.*  (2) *Appeal: Review of findings.*

1. A district attorney cannot recover for services performed for his county in prosecuting appeals to the supreme court, where such services were rendered without expectation of receiving pay therefor, and both parties supposed at the time that they were rendered under his general employment as district attorney.
2. Findings of fact by the trial court cannot be reviewed on appeal in the absence of a bill of exceptions.

APPEALS from judgments of the circuit court for Oneida county: CHAS. V. BARDEEN, Circuit Judge. *Affirmed.*

This is an appeal from the judgment of the circuit court for Oneida county, affirming the action and decision of the county board of supervisors of that county in wholly disallowing plaintiff's account for services rendered by him as attorney in prosecuting an appeal to this court in the case of *T. B. Scott Lumber Co. v. Oneida Co.* 72 Wis. 158, and the amount claimed was $180. There was no formal issue joined, the plaintiff's account filed constituting the complaint, which was deemed denied by the defendant under the statute, R. S. 1878, sec. 685. The case came on to be tried at the same time with another like appeal taken by the plaintiff from the disallowance of an account for similar services rendered in the case of *Alexander v. Oneida Co.* 76 Wis. 56, where the sum claimed was $198. Both appeals were tried at the same time.

It appeared that in 1888, and while the plaintiff was district attorney of said county, a large number of actions were commenced against the county upon county orders, and other actions of an equitable nature were instituted to set aside taxes and tax sales, and to cancel tax certificates and county orders. The plaintiff, as such district attorney, was

the attorney for the defendant in all said actions, and a number of appeals were taken to this court, and the plaintiff was authorized by the county board, as such district attorney, to take and prosecute the appeals mentioned in said accounts in the supreme court. The plaintiff, being at the time and afterwards district attorney, did not present his account to the defendant for such services until February, 1894, and, as the decision of the circuit court was not rendered until plaintiff was again elected to the office of district attorney, a delay occurred in bringing these appeals. The cases were tried upon a stipulation of facts, not contained in the record. The court found, upon the issues thus presented, for the defendant, and, among other things, that at the time the plaintiff performed the said services he supposed that it was his duty as district attorney to prosecute the said appeal without other compensation than his salary as such officer, and presented no claim therefor until as aforesaid. And as conclusions of law the court found that, the services claimed having been rendered by plaintiff without expectation of receiving pay therefor, and both the plaintiff and defendant at the time supposing that the services were rendered under the general employment of the plaintiff as district attorney, the law would imply no promise to pay for such services; and that the plaintiff could not recover.

Judgment was rendered in both cases on such findings in favor of the defendant. There was no bill of exceptions in either case. From these judgments the plaintiff appealed.

For the appellant there was a brief by *Levi J. Billings,* attorney, and a brief in reply by *Lewis & Briggs,* and oral argument by *Mr. Billings* and *Mr. H. M. Lewis.*

*Sam. S. Miller,* for the respondent.

PINNEY, J. At the time of the rendition of the services in question, the case of *Eagle River v. Oneida Co.* 86 Wis.

266, had not been decided. In that case it was held that the statute (R. S. 1878, sec. 752) making it the duty of the district attorney " to prosecute or defend all actions, civil or criminal, in which the state or county is interested or a party in the circuit court," was not applicable to such cases on appeal in the supreme court; and it is said that up to that time a difference of opinion among attorneys prevailed as to what was the law on this subject. The contention of the defendant is that the services were rendered by the plaintiff without expectation of receiving pay therefor, and that both plaintiff and defendant supposed at the time that they were rendered under the general employment of the plaintiff as district attorney. The circuit court found accordingly, and that no promise could be implied to pay for such services. Upon this ground the plaintiff's right of recovery was denied. As already stated, there was no bill of exceptions in the case, and, of course, no exceptions to the finding. As the pleadings — or what the law considers such — and the findings support the judgments appealed from, whether the court arrived at a correct conclusion cannot now be reviewed. *Treloar v. Osborne, ante,* p. 461.

*By the Court.*— The judgments appealed from are affirmed.

BARDEEN, J., took no part.