## Chicago Architectural Iron Works v. Augusta Nagel, Adm'x, etc.

1.   INSTRUCTIONS—*When Defective.*—An instruction which does not state the law with reference to the relation of fellow-servants, but requires the jury to determine whether employes of the defendant who did the work in question were or were not such fellow-servants, submits to the jury the question of both law and fact, and is defective.

2.   FELLOW-SERVANTS—*Definition of, a Matter of Law.*—The definition of fellow-servants is a matter of law.

3. Same—*What Falls Within the Definition, a Question of Fact.*— It is always a question of fact, to be determined from the evidence, whether a particular case falls within the definition of fellow-servants.

4. Same—*Who Are—Respondeat Superior.*—In order to constitute servants of the same master, fellow-servants, within the rule of *respondeat superior*, it is essential that they be, at the time of the injury complained of, directly co-operating with each other in the particular business in hand, or that their usual duties bring them into habitual consociation, so that they may exercise an influence upon each other promotive of proper caution.

5. Same—*Rule Should Be Given to Jury with Accuracy—Question of Fact.*—The rule should be given to the jury with substantial accuracy, and the jurors left free to declare, from the evidence, their determination upon the question of fact.

6. Master and Servant—*One Servant in Different Relations to Co-servants.*—One servant may be, in relation to a co-servant, a vice-principal in one relation and a fellow-servant in another, the particular relation depending upon the particular duties he is discharging at the time. It does not necessarily follow, because one is a foreman and general representative of the master, that he is such representative in all relations to his fellow employes, so as to make the master liable for his negligence.

7. Same—*Rule as to Master's Liability.*—The mere fact that one of a number of servants who are in the habit of working together in the same line of employment, for a common master, has power to control and direct the actions of the others, will not of itself render the master liable for the negligence of the governing servant, resulting in an injury to one of the others, without regard to other circumstances.

**Trespass on the Case,** for personal injuries. Trial in the Superior Court of Cook County; the Hon. John Barton Payne, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in the Branch Appellate Court at the October term, 1898. Reversed and remanded. Opinion filed March 14, 1899. Rehearing denied April 7, 1899.

This is a suit for personal injury resulting in the death of one Richard Nagel, and occasioned by the fall of a scaffold. The appellant company was engaged in the erection of a balcony attached to a building situated on the corner of Michigan avenue and Van Buren street, Chicago.

It is said by appellee that the work was done clandestinely and without permission of the authorities, and that therefore more men were employed than otherwise would have been necessary, and that extraordinary haste was used

in order to finish the work before an injunction could be procured to restrain its prosecution. The work was done at night. It is contended that the scaffolds were improperly constructed in consequence of the haste with which the work was attempted to be done. The men had been working from eleven o'clock in the evening until about five o'clock in the morning.

It appears that much of the material had already been put in place, including iron castings and beams, when the accident occurred. The castings were said to have been about five feet in length. They were inserted in the wall, fastened by bolts and supported by brackets. One of them, for some reason, was not quite high enough, and at the time the accident occurred, there were some six or seven men upon the scaffold, who, with their shoulders under the balcony, were attempting to lift it up in order to get it high enough to insert a bolt in the proper place. It was about a quarter of an inch too low, according to the testimony of one of appellant's witnesses. The weight of the men, together with the additional force brought to bear upon the scaffold in the effort to lift the balcony into its place, broke the scaffold, causing the injuries to the deceased for which it is sought to recover.

M. SALOMON and FRANK WHITNEY, attorneys for appellant.

MOSES, ROSENTHAL & KENNEDY, attorneys for appellee.

MR. PRESIDING JUSTICE FREEMAN delivered the opinion of the court.

The evidence with reference to the questions of fact is conflicting. If the law was properly presented to the jury by accurate instructions, we might not feel authorized to disturb the finding. On behalf of the plaintiff the court gave the following instruction:

" The court further instructs the jury that it is a question of fact, for them to decide, whether the employes of the defendant company who were in charge of the building of the balcony, if you find such to be the evidence, were fel-

low-servants of Richard Nagel, or whether they stood towards him in the relation of representatives of the master, and if the jury believe from the evidence that such foreman or foremen, if you find such to be the evidence, in and about the doing of said work, were the representatives of the Architectural Iron Works, and were not fellow-servants, then the defendant is responsible for the acts of such foreman or foremen, within the scope of their authority, in doing said work."

We are compelled to agree with the contention that this instruction, standing alone, is defective. It does not undertake to state the law with reference to the relation of fellow-servant, and yet the jury are required by this instruction, to determine whether the employes of the defendant company who constructed the balcony were or were not such fellow-servants. In other words, the instruction submits to the jury the question both of law and fact. The definition of fellow-servants is a question of law, and, as has been said in C. & N. W. Ry. Co. v. Moranda, 108 Ill. 576, 581, " it is always a question of fact, to be determined from the evidence, whether the particular case falls within the definition." In that case it was said that in order to constitute servants of the same master fellow-servants, within the rule *respondeat superior*, * * * it is essential that they shall be, at the time of the injury, directly co-operating with each other in the particular business in hand, or that their usual duties shall bring them into habitual consociation, so that they may exercise an influence upon each other promotive of proper caution;" and " it is essential, not only that the rule shall be given to the jury with substantial accuracy, but also that the jurors shall thereupon be left free to form and declare, from the evidence before them, their opinion upon the question of fact."

There was evidence in this case that the men upon the scaffold at the time when the accident occurred were directly co-operating with each other, not only in the erection of the scaffold, but in the particular thing which caused the accident. They were lifting together upon a heavy piece of iron work, putting upon the scaffold not only their own weight, but also the additional weight of the balcony, so

far as by their united strength they were able to exert such pressure. It was therefore important, when the jury were told that it was a question of fact, for them to decide, whether these employes were fellow-servants, that they should also be told what constituted fellow-servants in law. It was not a matter for them to conjecture or guess at, but a matter about which they should be definitely instructed. This was not done in this or any other instruction. The effect is much the same as if the jury had been instructed to find a fact as to which there was no evidence.

The jury were told that if they believed from the evidence that the foreman or foremen were representatives of the defendant company, and not fellow-servants of the deceased, then the defendant was responsible for their acts within the scope of the authority of such foreman in doing said work. The question was, therefore, important, what was the scope of the authority of the foremen, and was it in pursuance of such authority that the deceased was exposed to the injury?

In M. & O. R. R. Co. v. Godfrey, 155 Ill. 78, it is said: "One servant may be, in relation to a co-servant, a vice-principal in one relation and a fellow-servant in another, the particular relation depending upon the particular duties he is discharging at the time." It does not necessarily follow, because one is a foreman and general representative of the master, that he is such representative in all relations to his fellow employes, so as to make the master liable for his negligence.

There was evidence tending to show that a foreman was working with the other employes and doing exactly what they were doing at the time of the accident. The principle is stated in C. & A. R. R. Co. v. May, 108 Ill. 298. In that case the court says:

"The true rule, as we understand it, is this: The mere fact that one of a number of servants who are in the habit of working together in the same line of employment, for a common master, has power to control and direct the actions of the others, with respect to such employment, will not of itself render the master liable for the negligence of the

Chicago Architectural Iron Works v. Nagel.

governing servant, resulting in the injury to one of the others, without regard to other circumstances. On the other hand, the mere fact that the servant exercising such authority sometimes or generally labors with the others as a common hand, will not of itself exonerate the master from liability for the former's negligence in the exercise of his authority over the others. Every case, in this respect, must depend upon its own circumstances."

It is urged by appellee's counsel that appellant's tenth instruction contains the same error as appellee's second instruction, before referred to, and it is insisted that the judgment can not therefore be reversed " where both parties submit the same instruction." Whether this conclusion be deemed correct or not, it is founded upon a misconception. The instructions referred to do not contain the same error.

Appellant's tenth instruction tells the jury, in substance, that the employe takes the risk of occasional negligence in fellow-servants, provided the master has exercised reasonable care in selecting them, and that if the injuries were caused by negligence of fellow-servants, the verdict should be for defendants.

The similarity between the two is that both refer to fellow-servants. One tells the jury that appellee is responsible for the acts of its representatives in charge of the work; the other, that appellee is not responsible for negligence of fellow-servants; but the former tells the jury to decide as a question of fact whether said employes were fellow-servants or representatives of the master, and does not advise them what in law constitutes the difference between fellow-servants and such representatives, nor how the rule is applicable to the facts as shown by the evidence. The jury are left to determine " whether the particular case falls within the definition" without having the definition; and this, the Supreme Court says, " it is essential they shall have."

It is urged that the error is merely theoretical; that we can not say the jury would have rendered a different verdict if properly instructed. We are aware that it is asserted that juries often disregard or fail to understand

instructions, and render verdicts without reference thereto. This, if true, may be owing in part to a method of giving instructions in writing, as the statute requires, under which they frequently contain nice distinctions, not always easy of comprehension by the trained lawyer, and necessarily obscure to the average juror. But so long as written instructions are required, they must be reasonably accurate, and properly fulfill their office, and we can not presume they will not then be comprehended and regarded by jurors acting under the sanctity of an official oath.

In this case the evidence tends to show that the scaffold had answered the purposes for which it was erected. It was when the unusual strain was put upon it by six or seven strong men lifting upon the heavy balcony, which had been erected piece by piece, in order to put it into position, that the scaffold proved unequal to the burden thus imposed. The question is, therefore, whether or not the injury was caused by the negligence of fellow-servants of the deceased, under the rule of law applicable, whether it was owing to any faulty and negligent erection of the scaffold itself, and whether it was caused by negligence of an authorized agent of the master, arising out of and directly resulting from such authority. If the scaffold was adequate to the work for which it was originally erected, and which was contemplated by those who directed its construction and the selection of the material, and by the employer, the fact that it was not adequate to an extra strain, which was not contemplated, might not necessarily prove negligence in the defendant company.

With a sincere desire to expedite business of the courts and bring litigation to a conclusion as rapidly as is consistent with full and fair consideration of causes, after a careful consideration of the petition for rehearing in this cause and the subsequent motion by appellee's counsel, we can not say the error in the instruction referred to was not prejudicial. If it was, and it is, we think, evident that it may have been, the appellant is entitled to a new trial.

It is true that appellee was not required to offer an instruc-

tion as to the relation of fellow-servants in this case.    But the fact remains, that having done so, we can not disregard a failure to comply with the plain requirement of the law as interpreted by the highest tribunal of the State.

Inasmuch as there must be a new trial, we refrain from discussion of the evidence.    For the error noted, the judgment of the Superior Court is reversed and the cause remanded.