A. Bryan and W. E. Hale, Partners as A. Bryan & Co., v. S. Warren Lamson, L. J. Lamson and Sidney S. Date, Partners as Lamson Bros. & Co.

1. GAMBLING CONTRACTS—*When the Question of Illegality Can Not Be Raised.*—If the party who might set up the illegality of a contract waives it and pays the money, he can not afterward reclaim it. And if the money is paid to a third person for the other party such third person can not set up the illegality of the contract on which the payment has been made and withhold it for himself.

2. PRACTICE—*Submitting Special Questions to the Jury.*—In all cases in which the jury render a general verdict, they may be required by the court. and must be so required on request of either party to the action, to find specially upon material questions of fact, to be stated to them in writing, and which questions must be submitted by the party suggesting them to the adverse party before the commencement of the argument to the jury.

3. SAME—*Submitting Special Questions to Counsel.*— The statute does not require the court to submit to counsel special questions which it may see fit, upon its own motion, to present to the jury. The court has the same right, of its own motion, to submit to a jury special propositions, as to give instructions.

Assumpsit.—Error to the Circuit Court of Cook County; the Hon. GEORGE W. BROWN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed April 4, 1900.

ALDEN, LATHAM & YOUNG and WILBER, ELDRIDGE & ALDEN, attorneys for plaintiffs in error.

D. M. KIRTON, attorney for defendants in error.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

This is an action in assumpsit wherein defendants in error recovered a judgment against plaintiffs in error in the court below. The declaration consists of the common counts. The pleas are the general issue; a verified plea denying joint liability and two pleas averring that the cause of action, if any, was based upon promises made by defendants (plaintiffs in error) to plaintiffs (defendants in error) to repay to plaintiffs money lost in gambling transactions on the Board of Trade in Chicago.

The plaintiffs in error were conducting a bank under the firm name of A. Bryan & Co. at Watertown, Tenn. Defendants in error were engaged in the commission business in Chicago. Plaintiff in error W. E. Hale was cashier of said bank. An attachment was issued and garnishees were served. Plaintiffs in error made an assignment and their assignees filed an interplea. But there is no question presented to this court relating to the garnishees or the assignees.

It is contended on the part of defendants in error that the transactions in question on the Chicago Board of Trade were made by them for one B. C. Hale, and not for plaintiffs in error, or either of them. On behalf of plaintiffs in error it is contended that such transactions, although nominally for said B. C. Hale, were in fact for plaintiff in error W. E. Hale, and that he had no authority to thus contract and create a liability on the part of said banking firm.

In so far as the evidence tends to sustain the contention on the part of plaintiffs in error it conflicts with the evidence tending to sustain the contention of defendants in error. This question of fact was submitted to the jury for a special finding, and the jury found that said transactions were with B. C. Hale and not with W. E. Hale. And this special finding is in accord with the general verdict. The finding and verdict are not against the weight of evidence so as to justify this court in reversing the judgment. Indeed, we think they are fully supported by the evidence.

It is also contended on the part of plaintiffs in error, that said dealings on the Board of Trade were not "*bona fide* transactions for the purpose of sale and actual receipt and delivery of the commodities in question," and that therefore there could be no recovery in this case. This question was also presented to the jury for a special finding, and such finding was that they were *bona fide* transactions for the purpose aforesaid. This special finding is also in accord with the general verdict. We see no sufficient reason as to this contention to justify this court in interfering with said finding and verdict. The special finding, and general verdict by the jury that the transactions in question

were for said B. C. Hale and not for said W. E. Hale, and that they were not gambling deals on the Board of Trade, are supported by the evidence and settle in favor of defendants in error the questions of fact presented by said special pleas.

The question then arises, why should plaintiffs in error be held to be liable for the amount due to defendants in error on account of said transactions?

On the part of defendants in error it is contended that it was arranged and agreed by and between B. C. Hale and plaintiffs in error and defendants in error that B. C. Hale should deposit the money necessary to carry on said transactions with appellants in their bank to the credit of defendants in error. From time to time defendants in error received letters from plaintiffs in error in their firm name of A. Bryan & Co., stating in substance that B. C. Hale had deposited in the bank of plaintiffs in error certain specified sums which were placed to the credit of defendants in error in said bank. A part of the amount reported in said letters to have been thus deposited and credited was sent by plaintiffs in error to defendants in error, and the verdict and judgment are for the balance, and there was due to defendants in error from B. C. Hale an amount fully equal to such balance.

Plaintiffs in error contend that said transactions were by and for W. E. Hale in the name of B. C. Hale and that they were under the statute of Illinois, gambling transactions, upon which no recovery can be had. These contentions are disposed of by the special findings and general verdict by the jury as we have stated above.

It is also contended by plaintiffs in error that said Bryan had no knowledge of said transactions or of said agreement or of said letters; that they all pertained to W. E. Hale personally, and not to said banking firm, and that therefore plaintiffs in error are not liable to defendants in error. As before stated, the findings and verdict by the jury settle the question as between the parties to this suit, that the transactions in question were not those of W. E. Hale individually.

If B. C. Hale had in fact deposited the money with plaintiffs in error, and the same had been credited to defendants in error, as stated in said letters, there could be no reasonable contention on the part of plaintiffs in error that they were not liable therefor to defendants in error. In that case it could not be said that the letters to defendants in error were not within the scope of the powers and duties of W. E. Hale as cashier of said bank and a partner in said firm. Under the facts and circumstances of this case plaintiff in error Bryan is estopped from denying the correctness of said letters to the same extent that he would be if money has been in fact deposited and credited as therein stated. Said letters were properly admitted in evidence.

It is argued by counsel for plaintiffs in error that the trial court erred in the giving and refusing of certain instructions. The instructions complained of are upon the question of the right of plaintiffs in error to resist the claim of defendants in error upon the theory that the transactions in question are gambling contracts under the statute of Illinois. There was no error in that respect. B. C. Hale is not a party to this suit, and does not complain that the transactions were illegal although called by plaintiffs in error as a witness. The plaintiffs in error are not in a position to set up the illegality of the transactions. (McBlair v. Gibbes, 17 How (U. S.) 232, 236).

Counsel for plaintiffs in error also urge that the trial court erred in submitting special questions to the jury without first submitting them to the respective counsel in the case before the commencement of the arguments to the jury.

The statute provides in regard to submitting questions to the jury as follows (Hurd's Stat. of 1899, Ch. 110, Sec. 58a), viz.:

" In any case in which they (the jury) render a general verdict, they may be required by the court, and must be so required on request of any party to the action, to find specially upon material question or questions of fact, which shall be stated to them in writing, which questions of fact shall be submitted by the party requesting the same to the adverse

party before the commencement of the argument of the jury."

This statute does not require the court to submit to counsel special questions which the court may see fit, upon its own motion, to present to the jury. The trial court is not bound to do so.

It appears in the case of Norton v. Volzke, 158 Ill. 402, that the trial court of its own motion submitted to the jury two propositions for special findings. Whether said propositions were submitted to counsel by the court does not specifically appear. In speaking of them the court says (p. 410):

" There was no error in the court submitting them to the jury on its own motion. The court has the same right, of its own motion, to submit to a jury special propositions on which to find, as to give instructions."

We see no error which would justify a reversal in this case. The judgment of the Superior Court is affirmed.