## Sarah E. Fisk v. Chicago Water Chute Company.

### Gen. No. 11,887.

1. VERDICT—*when not disturbed.* A verdict will not be disturbed on the facts where the evidence is in conflict and the Appellate Court is not able to say that the jury was moved by any improper motive or that it is clearly and palpably against the weight of the evidence.

2. SPECIAL INTERROGATORIES—*when giving by court without previous submission to counsel, not error.* Held, that no prejudice resulted from the action of the court in submitting special interrogatories upon the ultimate facts in issue without previous submission thereof to the counsel for the respective parties.

3. SPECIAL INTERROGATORIES—*when giving of, without previous submission to counsel, does not appear.* It will not be taken on appeal that special interrogatories were given to the jury by the court without previous submission to counsel, where the bill of exceptions does not so recite.

4. RIGHT OF RECOVERY—*plaintiff cannot shift theory of.* A plaintiff cannot plead and try his case upon one theory and upon motion for a new trial shift to another and different one and insist thereon as the basis of his right to recover.

Action on the case for personal injuries. Error to the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the October term, 1904. Affirmed. Opinion filed April 10, 1905.

**Statement by the Court.** This is an action on the case by plaintiff in error against defendant in error for injuries sustained by her through the negligence of the defendant. The cause was tried on a single count, called the additional count, and a plea of not guilty. The additional count alleged in substance that on September 1, 1899, the defendant in error was, and for a long time theretofore had been, operating and conducting in the city of Chicago in said Cook county, a certain place of amusement which the public was invited to attend, and, upon the payment of a money consideration, to enjoy pleasures there afforded, among which amusements was one commonly known as "Shooting the Chutes;" that persons participating in said

last-mentioned amusement were conducted to the upper end of a large inclined plane and seated in a boat or car which was conducted and managed by an agent of the defendant in error known as a boatman; that after the persons were seated in the boat or car the same was released and started down said incline plane at a rapid rate and plunged into a large pond of water at the bottom of said incline whence the boat or car was conducted to the bank and the passengers landed; that on said first day of September, 1899, plaintiff in error, with a party of friends, went to said place of amusement and paid the amount demanded for the purpose of participating in the said amusement of "Shooting the Chutes;" that she was conducted to the top of the inclined plane by the defendant in error, and that the party, including herself, were conducted to seats in the boat or car; that suddenly, and without any warning or notice, and while in plain sight of the defendant in error or its agent, and before plaintiff in error was seated, the defendant in error negligently and carelessly released said boat or car and started same on its rapid descent of the inclined plane; that it was the duty of defendant in error to see that she was seated and in position before starting said boat or car; that the plaintiff in error was then and there exercising due care and diligence for her own safety; that said boat or car descended said plane and struck the water with such great force and violence as to throw said plaintiff in error into the air and that she fell back in said boat or car with such violence as to permanently injure her; that said sport was represented by defendant in error to the public and to plaintiff in error as a safe amusement and was generally indulged in as such by the public, though said amusement was known to the defendant in error at the time, though not to the plaintiff in error, to be dangerous and hazardous; that it was the duty of the defendant in error to give notice and not to start said boat until all the passengers therein, including the plaintiff, were properly and safely seated therein, but that defendant in error negligently and carelessly failed to give any such notice and negligently and

carelessly released said boat or car before plaintiff in error was safely seated, wherefore she brings suit, etc.

Upon the trial the jury returned a general verdict of not guilty; and two special findings: first, that the plaintiff just before and at the time of the happening of the accident complained of was in the exercise of ordinary care for her own safety; and, second, that the defendant was not guilty of the negligence charged against it in such additional count. From the judgment entered upon the general verdict and these special findings the plaintiff sued out this writ of error.

The errors assigned are that said verdicts (general and special) are contrary to the law and to the evidence; that the court improperly requested upon its own motion said special findings without having submitted same to the plaintiff in error and without having notified her of its intention so to do; that the court improperly instructed the jury as to the burden of proof as to the negligence of defendant in error; that the court gave improper instructions to the jury in behalf of the defendant in error and refused proper instructions requested by plaintiff in error and improperly modified proper instructions asked by plaintiff in error; that the court admitted improper evidence on the part of the defendant in error, and refused to admit proper evidence on the part of the plaintiff in error; that the court erred in denying motion of the plaintiff in error to set aside said verdicts and to grant a new trial; that the court erred in rendering judgment in favor of the defendant in error, and that the record and proceedings are otherwise uncertain, unjust and illegal.

The inclined plane or chute mentioned in the pleadings is about 300 feet long, the upper end of which is 60 feet above the pond into which the boat plunges. There are three employees in charge of this amusement—a boatman who stands in the rear of the boat and guides it to the landing after it reaches the water, a boat loader, whose duty it is to see that the passengers are properly and safely seated, and then to signal that fact to the lever man, who

Fisk v. Chicago Water Chute Co.

stands near by the boat and controls the lever which detaches the boat from its fastenings, thus suffering it to descend the chute impelled by the force of gravity. The boat and the people in it are in full view of these three employees. Under the custom the lever man does not loose the boat until he personally sees that the passengers are seated and he has received a second signal of "All right" from the boat loader. The time occupied in the descent is from seven to ten seconds.

ROBERT N. HOLT, H. T. WILCOXON and A. C. PEARSON, for plaintiff in error.

CHARLES C. STILLWELL and DALE & FRANCIS, for defendant in error.

MR. PRESIDING JUSTICE BALL delivered the opinion of the court.

The first contention of the plaintiff is that the verdict is contrary to the weight of the evidence. The testimony of the plaintiff and of her witnesses tended to prove that the boat was released and started down the inclined plane before she had a chance to seat herself and to adjust her skirts, and that in consequence of this negligence she was thrown up in the air when the boat struck the water and fell back in the boat with such violence as to injure her. The evidence of the defendant's witnesses tended to prove that upon the day in question no boat was released while any passenger was standing.

The negligence, if any, of the defendant was primarily a question of fact for the jury. The evidence upon this question was clearly conflicting, and incapable of being reconciled. It was the duty of the jury to find where the truth lay in this conflicting testimony. In order to do this they had to pass upon the credibility of the several witnesses and the weight to be given to the testimony of each of them. They found the defendant not guilty. The trial judge approved their finding. We cannot see that the jury were moved by any improper motive, or that the verdict is

clearly and palpably against the weight of the evidence. Under these circumstances we have no right to set aside the judgment and finding. Bradley v. Palmer, 193 Ill. 90.

The second contention of the plaintiff is that the court erred in requesting, upon its own motion, special findings without having submitted them to and without specially notifying the plaintiff of his intention to make such requests. To this point is cited P., C., C. & St. L. Ry. Co. v. Smith, 207 Ill. 486. Because of differing circumstances that case is not binding here. There the trial court submitted to the jury but one of the two sharply contested points in issue. Here the two questions being contested were submitted to them. In the Smith case the court recognize the fact that "There might be cases where the submission of questions by the court without notice would not be ground for reversal, when it could be seen that there was no injurious effect." In Chicago City Ry. Co. v. Jordan, 116 Ill. App. 650, we recognized this distinction. See, also, Norton v. Volzke, 158 Ill. 402. As the plaintiff was not prejudiced by this action of the trial court, it does not constitute ground for reversal.

The record does not state that the court gave these interrogatories to the jury without having first submitted them to the plaintiff. In Rogers v. Hall, 3 Scam. 5, the Supreme Court say that a bill of exceptions under the Practice Act is "not to be considered as a writing of the judge, but is to be esteemed as a pleading of the party alleging the exception; and if liable to the charge of ambiguity, uncertainty or omission, it ought, like any other pleading, to be construed most strongly against the party who prepared it." The rule as thus laid down has never been departed from. Owing to the silence of the record in this regard, the plaintiff cannot be advantaged by this assignment of error.

The next contention of the plaintiff is that the facts of this case bring it within the doctrine of *res ipsa loquitur;* and therefore instruction number three, given at the request of the defendant, is erroneous in placing the burden

Fisk v. Chicago Water Chute Co.

of proof as to the negligence of the defendant on the plaintiff.

The allegation of negligence contained in the only count of the declaration when the trial was had, is that the defendant started the car before plaintiff was fairly seated in it. The plaintiff offered evidence tending to prove this allegation and caused the jury to be instructed on that theory. A party plaintiff cannot try his case upon one theory, and then on motion for a new trial, or on appeal, shift his ground to another and a different theory. A defendant is not called upon to meet a case not made by the pleadings. The opposite rule would result in uncertainty and confusion in trials, and almost necessarily result in injustice to the defendant. The primal object in pleading is to produce an issue, affirmed on one side and denied on the other, and the trial is had for the sole purpose of determining the issue thus made.

In Field v. French, 80 Ill. App. 78, a suit to recover for personal injuries, in which the declaration charged specific acts of negligence, the court say: "The general rule is that when the plaintiff makes affirmative allegations, as in this case, of negligence of the defendant and the defendant pleads the general issue, the burden is upon the plaintiff all through the case to establish his case—that is, prove the specific negligence alleged—by a preponderance of the evidence, and he cannot recover if the defendant's evidence is such as to evenly balance that of the plaintiff." See, also, 1 Jones on Ev., Sec. 175; W. Chicago St. Ry. Co. v. Martin, 154 Ill. 523; C. & E. I. Ry. Co. v. Driscoll, 176 Ill. 330.

The contention of plaintiff that the trial court erred in giving improper instructions in behalf of the defendant, and erred in refusing to give proper instructions upon the request of the plaintiff and improperly modified proper instructions asked by the plaintiff, in our opinion can be disposed of in a few words. Aided by the briefs of counsel, we have carefully examined each of the instructions to which counsel refer, whether given, refused or modified,

and we do not find reversible error in the action of the trial judge concerning any of them.

The complaint that improper evidence was admitted. on the part of the defendant, and that proper evidence tendered by the plaintiff was excluded, is not well founded in any particular.

Believing that this case was fairly tried and that no reversible error intervened, we affirm the judgment of the Superior Court.

*Affirmed.*