FRANK FULLER v. COUNTY OF MADISON.

[FILED NOVEMBER 11, 1891.]

1. County Attorney: ASSISTANT.    Under the proviso clause of section 20, chapter 7, Compiled Statutes, a county attorney, when the public interests demand, may, under the direction of the district court, procure at the expense of the county an attorney to assist him in the trial of a person charged with a felony.

2. ———: ———: COMPENSATION: CHANGE OF VENUE. When such services are rendered in the trial of a person upon a change of venue, compensation therefor is to be made by the county in which the offense was committed.

ERROR to the district court for Madison county. Tried below before POWERS, J.

*Frank Fuller, pro se.*

*Burt Mapes, contra.*

NORVAL, J.

An information was filed in the district court of Madison county against one A. E. Kelley, charging him with the crime of murder. On application of the accused for a change of venue, the cause was transferred to the county of Wayne, where it was tried at the December term, 1889. Upon the application of Hon. W. M. Wright, county attorney for Wayne county, the district court of that county appointed Frank Fuller, the plaintiff herein, to assist in the prosecution of Kelley. The plaintiff accepted the appointment and entered upon the discharge of his duties. He assisted the county attorney during the trial, which occupied six days. Subsequently the plaintiff presented his claim for services in the sum of $300 to the county board of Madison county, which was disallowed. An appeal was taken to the district court, where judgment was rendered for the county.

The sole question presented by the record for decision is this: When a change of venue of a criminal prosecution for a felony is taken from the county in which the offense was committed, to an adjoining county, and the county attorney of the latter, under the direction of the district court, procures an attorney to assist him in the trial, is the county from which the cause was removed liable for the services of the person thus employed? In

the determination of this question it is necessary to examine the provisions of the statute bearing upon the subject.

By section 16, chapter 7, Compiled Statutes, it is made the duty of the person filling the office of county attorney to appear in the several courts of his county, and prosecute and defend, on behalf of the state and county, all suits, civil or criminal, arising under the laws of the state, in which the state or the county is a party, or in any manner interested.

Section 20 of the same chapter provides that "The county attorney may appoint one or more deputies, who shall act without any compensation from the county, to assist him in the discharge of his duties; *Provided,* That the county attorney of any county may, under the direction of the district court, procure such assistance in the trial of any person, charged with the crime of felony, as he may deem necessary for the trial thereof, and such assistant or assistants shall be allowed such reasonable compensation as the county board shall determine for his services, to be paid by order on the county treasurer, upon presenting to said board the certificate of the district judge before whom said cause was tried, certifying to the services rendered by such assistant or assistants."

That it is the duty of the county attorney to represent the state in all criminal prosecutions in the district court of his county, is too plain to admit of a doubt. The duty and obligation thus imposed applies to criminal causes removed to the county upon a change of venue from an adjoining county. This was expressly ruled in *Gandy. v. State,* 27 Neb., 707.

Authority for the employment of an attorney to assist the county attorney in the prosecution of felonies when deemed necessary is to be found in the proviso clause of section 20 quoted above. The language of the provision is plain and unambiguous, and will not admit of two constructions. Under the direction of the district court

the county attorney, when the public interests demand, may procure, at the expense of the county, an attorney to assist him in the trial of a criminal cause before the district court, when the offense charged is felony.   Ordinarily such assistance will not be required, but in the administration of the criminal laws of the state prosecutions of great importance and magnitude sometimes arise, where the defense is represented by able counsel, and where the interests of the state require that the county attorney should have assistance. To grant relief in such cases the legislature wisely enacted the section we have copied above.   Under the law, in order to create a liability against a county for services performed by an assistant to the prosecutor, his appointment must be authorized by the district court, and the judge presiding at the trial must certify to the services rendered.   The record in the case at bar discloses that, in the employment of the plaintiff, both the letter and spirit of the statute were followed, and if the provisions of section 20 stood alone, we would be forced to the conclusion that the obligation to pay rested upon Wayne county, where the appointment was made and the services performed.

But we think the case is controlled by section 456 of the Criminal Code, which provides that "When the venue is changed to an adjoining county, the clerk of the court in which the indictment was found shall make a certified transcript of all the proceedings in the case, which, together with the original indictment, he shall transmit to the clerk of the court to which the venue is changed, and the trial shall be conducted in all respects as if the offender had been indicted in the county to which the venue has been changed.   All costs, fees, charges, and expenses occurring from a change of venue, together with all costs, fees, charges, and expenses made or incurred in the trial of, or in keeping, guarding, and maintaining the accused, shall be paid by the county in which the indictment was found, and the clerk of the trial court shall make a statement of

the costs, fees, charges, and expenses aforesaid, and certify and transmit the same to the clerk of the district court where the indictment was found, to be by him entered upon his docket and collected and paid as if a change of venue had not been had."

It is the policy of the law, as expressed in the section, that the county where the offense is committed shall pay all the legal costs, fees, charges, and expenses incurred in the prosecution of the offender, whether the trial takes place in the county where the information is filed or in an adjoining county upon a change of venue.

It is manifest that the legislature did not intend that the removal of a criminal case from the county in which the offense was committed to another county upon change of venue, the necessary costs, expenses and charges incurred in the prosecution of the accused, should be borne by the latter county, but should be met by the county in which the prosecution was begun. The language of section 456 is, "all costs, fees, charges, and expenses * * * made or incurred in the trial of * * * the accused shall be paid by the county in which the indictment was found."

This is sufficiently broad and comprehensive to cover expenses of the kind involved in this case. They were necessarily and lawfully incurred in the trial of a criminal cause which arose in Madison county, and it is liable for the payment thereof the same as if a change of venue had not been had.

In reaching this conclusion, we have not overlooked the opinion in the case of *Stanton County v. Madison County*, reported in 10 Neb., 304. The court in that case construed section 456 of the Criminal Code as it then existed, and ruled that upon the change of venue of a criminal case the expenses of the county in which the same was tried, for jurors, bailiffs, and use of court room, were not costs, within the meaning of the section, to be borne by the county where the indictment was found. The section

then in force provided that " the costs accruing from a change of change of venue shall be paid by the county in which the indictment was found." The section in its present form was adopted by the legislature in 1887, and is much broader than the original section. It makes the county from which the cause is removed liable for all costs, fees, charges, and expenses accruing from the change, and also those made or incurred in the trial of the accused, while such county, under the provisions of the original section, was only required to meet " the costs accruing from the change of venue." It is obvious that the case referred to is not now binding as an authority.

The judgment of the district court is reversed, and the cause is remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.