A. S. SANDS ET AL. V. FRONTIER COUNTY.

FILED NOVEMBER 21, 1894.  No. 5566.

1. **County Attorney:** ASSISTANT COUNSEL: EMPLOYMENT: PROOF. Where attorneys claim compensation on account of services rendered as assistants of the county attorney in the trial of a criminal cause, they must make proper proof that their employment by the county attorney was under the direction of the district court of the proper county.

2. ——: ——: TRIAL ON CHANGE OF VENUE: COMPENSATION. Attorneys duly employed by the county attorney of one county to assist in the trial of a cause therein pending are not required or authorized, even on the request of such county attorney, to follow said cause on change of venue to another county; and if, notwithstanding this fact, they do so, they will not thereby entitle themselves to compensation for such unauthorized assistance as thereafter they may render.

ERROR from the district court of Frontier county. Tried below before WELTY, J.

*Frank Selby, E. E. McGintie,* and *A. S. Sands,* for plaintiffs in error.

*L. M. Graham, contra.*

RYAN, C.

By appeal from the county commissioners of Frontier county this cause was brought up to the district court of said county, wherein a trial was had resulting in a verdict and judgment in favor of plaintiffs in error for the sum of $101. They prosecute error to this court because, as they claim, the verdict was for too small an amount. Their verified statement of claim, as filed with the clerk of the aforesaid county, was in the following words and figures:

"Claim bill 280.     STOCKWELL, NEB., Dec. 6, 1891.
     "FRONTIER COUNTY,
          "To J. R. PATRICK AND A. S. SANDS, DR.
1891.   ·
Nov. 30. Two days' services, assistant prosecut-
          ·    ing attys., State v. W. H. Adams...$100 00
Dec.   4. Two days' services, assistant prosecut-
               ing attys., State v. W. H. Adams... 100 00
                                                    ‾‾‾‾‾‾‾‾
                                                  $200 00"

This claim was allowed only to the extent of $100. In the petition in the district court there was set out the following order, which plaintiffs claim justified them in rendering the services described in their bill, to-wit:

"STATE OF NEBRASKA, ⎱ ss. District Court.
     FRONTIER COUNTY, ⎰

"On the application of the county att'y of said county it is by the court found expedient and necessary that he have some att'y to assist him in the prosecution of the case

of the State of Nebraska v. J. W. & W. H. Adams.  It is therefore ordered that the county att'y of this county is authorized and directed to employ Patrick & Sands as atty's to assist the said county att'y in the prosecution of the said action in the court.            J. E. Cochran,

"Dated Nov. 17, 1891.    *Judge of the District Court."*

In the answer there was a denial of the averment that the district judge appointed plaintiffs to assist in the prosecutions aforesaid.  On the trial there was offered in evidence no written instrument signed by the aforesaid judge which would justify the employment of the plaintiffs in error for the rendition of the services by them for which they now claim compensation.  There was testimony that the county attorney of Frontier county requested plaintiffs to assist in the trial of the state case in Gosper county after it had been removed to that county for trial.  As the board of county commissioners of Frontier county allowed the portion of the claim which referred to the services rendered in that county, we have now for consideration presented only the question whether or not plaintiffs in error are entitled to compensation for services rendered in Gosper county upon the trial of the state case therein had.  In support of their claim plaintiffs cite section 20, chapter 7, Compiled Statutes, which provides:  " The county attorney may appoint one or more deputies, who shall act without any compensation from the county, to assist him in the discharge of his duties ; *Provided,* That the county attorney of any county may, under the direction of the district court, procure such assistance in the trial of any person charged with the crime of felony as he may deem necessary for the trial thereof, and such assistant or assistants shall be allowed such compensation as the county board shall determine for his services, to be paid by order on the county treasurer upon presenting to said board the certificate of the district judge before whom

said cause was tried certifying to the services rendered by such assistant or assistants." In this case it was not denied that a certificate was made by Judge Cochran conforming to the above requirement with respect to both items of the account presented by plaintiffs. That a certificate of this character could have no other or greater force than evidence was held in *County of Boone v. Armstrong*, 23 Neb., 764. In *Fuller v. Madison County*, 33 Neb., 422, this language was used by Judge NORVAL, who delivered the opinion of this court: "That it is the duty of the county attorney to represent the state in all criminal prosecutions in the district court of his county, is too plain to admit of a doubt. The duty and obligation thus imposed applies to criminal causes removed to the county upon a change of venue from an adjoining county. This was expressly ruled in *Gandy v. State*, 27 Neb., 707." As it was the duty of the county attorney of Gosper county to prosecute this case when by change of venue it came into that county, there devolved upon the county attorney of Frontier county no duty to follow it. Authorized by the provision of section 20 above quoted, the county attorney, under the direction of the district court, might procure assistance in the trial of any felony, but we cannot understand how he could procure assistance to do that which he himself was not required to do; that was, in this instance, to follow a criminal case into another county. If, therefore, he could employ no assistance for that purpose, no compensation could be recovered; for, in such case the service rendered would be without authority of law. As has already been noted, there was no relevant proof made on the trial as to directions having been made by the district court for the procurement by the county attorney of assistance, and, even if there had been, such assistance could not lawfully by him be procured to render services in a county other than that for which he was attorney. The verdict could not properly have been for more than it was in any event. We are therefore re-

lieved of the necessity of examining other questions presented.    The judgment of the district court is

AFFIRMED.