T. F. BEVINGTON, Appellant, v. WOODBURY COUNTY.

**County Attorney:** DUTIES. *Compensation for trial in another county.* Under Acts Twenty-first General Assembly, chapter 73, section 2, providing that "a county attorney shall appear for the state and county in all cases and proceedings in all courts of his county, to which the state or county is a party, and in the Supreme Court in all cases in which the county is a party," and that, "in every criminal case appealed from his county to the Supreme Court he shall * * * prepare and deliver to the attorney general a properly prepared abstract of the case," the county attorney cannot be required to perform any duties in his official capacity not enjoined on him by law.

SAME. The duty of the county attorney with relation to criminal cases brought in his county, on the removal thereof by change of venue, passes to the county attorney of the county to which they are taken, under Code, 1873, section 4380, which provides that "the court to which such change of venue is granted must take cognizance of the cause, and proceed therein * * * as if the indictment had been found by the grand jury impaneled in such court.

SAME. Acts Twenty-first General Assembly, chapter 73, section 11, fixing the compensation of the county attorney; and section 6, prohibiting such officer from receiving any fee or reward from or on behalf of any prosecutor or other individuals for services in any prosecution or business to which it has been his official duty to attend, interposes no obstacle to the employment of the county attorney by the board of supervisors of the county in which certain criminal proceedings had been brought, to attend to the prosecution of such causes in another county to which

they had been taken on a change of venue, where such board had power to contract with any attorney for such services.

SAME. Under Acts Twenty-first General Assembly, chapter 73, section 4, authorizing the county attorney, with the approval of the court, to procure such assistance in the trial of a felony as he shall deem necessary, at the expense of the county, and providing that nothing therein contained "shall be construed to prevent the board of supervisors from employing an attorney to assist the county attorney in any case or proceeding in which the state or county is interested," such board had power to employ assistance for the prosecution of criminal cases in another county to which they were taken on a change of venue.

SAME. The county in which certain criminal prosecutions originated, which were taken to another county on a change of venue, being liable for the costs if the prosecution failed or defendants were unable to pay them, was "interested" in such proceeding within the meaning of the provision of Acts Twenty-first General Assembly, chapter 73, section 4, authorizing the board of supervisors to employ assistance for the county attorney "in any cause or proceeding in which the state or county is interested."

SAME. The phrase "to assist the county attorney," in the statute authorizing the board of supervisors to employ an attorney for such purposes (Twenty-first General Assembly, chapter 73, section 4), is descriptive only, and not restrictive; and the board may employ such counsel without application therefor on the part of the county attorney.

SAME. The county from which a change of venue is had in a criminal case and which employs an attorney to assist the attorney of the county to which the venue is changed, is the proper defendant in an action by the appointee to recover for his services, since the other county's primary liability under the statute is only for the costs, which it had a legal right to make, and it is not bound by such contract.

*Appeal from Woodbury District Court.*—HON. J. F. OLIVER, Judge.

MONDAY, JANUARY 30, 1899.

ACTION to recover for legal services. There was a demurrer to the petition, which was sustained. Plaintiff electing to stand on his petition, judgment was rendered against him for costs, and this appeal is taken therefrom.— *Reversed.*

*Wright, Call & Hubbard* and *George W. Argo* for appellant.

*Hallam & Stevenson* for appellee.

Waterman, J.—The petition alleges, in substance, that, during the year 1893, plaintiff was the county attorney of Woodbury county; that, at the January term of that year, a number of indictments were returned by the grand jury of that county against, one Atlee Hart and one J. L. Lewis; that thereafter, on the application of defendants, said cases were sent for trial on change of venue to Plymouth county; that after the change of venue, at the instance and request of the board of supervisors of defendant county, plaintiff prepared two of the cases for trial, and tried the same, as attorney, in Plymouth county, with the oral understanding and agreement with said board that the work so done was not covered by plaintiff's salary as county attorney. It is further alleged that the defendants in the case so tried were convicted, and that they appealed to this court; that after the notices of appeal were served, but before the cases were prepared on behalf of the state, on appeal, plaintiff ceased to be county attorney; that, at the further instance and request of the board of supervisors of defendant county, plaintiff prepared the cases for submission to this court. A ratification of plaintiff's employment is also pleaded. The general ground of the demurrer filed by defendant is that the facts stated do not entitle plaintiff to the relief demanded. The specific reasons assigned are numerous. The parties unite in presenting the issues in the form of three propositions, as follows: *"First,* the power of boards of supervisors to employ an attorney to prosecute or defend cases in which the state or county is interested; *second,* the power of boards of supervisors to contract with the county attorney to perform services outside and independent of those covered by the salary of such county attorney; *third,* as closely con-

nected with the two first propositions, in case of a change
of venue from one county to another, which county is charge-
able with the expense of the prosecution,—the county where
the action arose, or the county to which the change of venue
was taken, and what expenses are covered by our statute?"
We will address ourselves to the matter in the form pre-
sented and discussed by counsel, though, to avoid repetition,
we shall consider the questions together.

I.    The solution of this controversy necessitates the
construction of a number of statutes.   The various provisions
will be set out from time to time in the course of what we
have to say, as the different questions arise.   Section
1, chapter 73, Acts Twenty-first General Assembly,
provides for the election in each county of a county
attorney.   Section 2 relates to his duties, and in its material
parts is as follows:  "The county attorney shall appear for
the state and county in all cases and proceedings, in the
courts of his county, to which the state or county is a party,
and in the supreme court in all cases in which the county is
a party.   *.  *   *   In every criminal case appealed from
his county to the supreme court, he shall, at least thirty days
prior to the term at which the case is to be heard, prepare
and deliver to the attorney general a properly prepared
abstract of the case."   We take it as beyond controversy that
the county attorney cannot be called upon to perform any
duty in his official capacity save such as may be enjoined
upon him by law.   It will be observed that, as to state cases,
he is required to appear only in such as are pending "in the
courts of his county."   This includes, not only cases orig-
inally brought in those courts, but such as come on change
of venue from other counties.   Section 4380, Code 1873,
provides, with relation to change of venue, that "the court
to which such change of venue is granted must take cogni-
zance of the cause, and proceed therein   *   *   *   as if the
indictment had been found by the grand jury impaneled in
such court."   Therefore, when the change of venue was

granted in the cases out of which this controversy arose, the
duty of the county attorney of Woodbury county with rela-
tion to them passed to the county attorney of Plymouth
county. Section 2 of the act relating to county attorneys,
to which we have already referred, fixes the compensation of
such officers; and section 6 thereof prohibits them from
receiving "any fee or reward from or on behalf of any prose-
cutor or other individual for services in any prosecution or
business to which it shall be his official duty to attend," etc.
So far as the services performed in the Plymouth district
court are concerned, there is no reason why the board of
supervisors of defendant county could not lawfully employ
the plaintiff if the subject-matter was within its jurisdiction;
in other words, plaintiff was a person with whom the board
might lawfully contract for such service, if it had a right to
contract at all for the same.

II. This brings us to the next disputed question, viz.:
Had the board of supervisors of Woodbury county any
power to employ an attorney to assist in the trial of these
cases in Plymouth county. Irrespective of any
express statute giving authority, the board of super-
visors, under the general power to manage the affairs of the
county, would, perhaps, have the right to employ counsel to
act on behalf of the county. *Taylor County v. Standley,* 79
Iowa, 666. We might proceed upon this theory to show that
Woodbury county was interested in these actions (a subject
hereafter touched upon), and that this general right has not
been taken away. But we prefer to base our holding upon
the express wording of the statute. Section 4 of the county
attorney's act provides that, "with the approval of the district
court, he [the county attorney] may procure such assistance
in the trial of a person charged with the crime of felony as
he shall deem necessary, and such assistant   *   *   *   shall
be allowed a reasonable compensation therefor.   *   *   *
But nothing in this section shall be construed to prevent the
board of supervisors from employing an attorney to assist

the county attorney in any case or proceeding in which the state or county is interested." It was the trial judge in Plymouth county upon whom this section conferred authority to approve of the employment of an assistant by the county attorney, and it is with relation to this fact that we must construe the last clause of the section. The district judge of Plymouth county could so act in cases of felonies only, but the power is given the county to contract in other cases also. The connection in which the clauses quoted appear makes it manifest that the latter refers to the particular instances mentioned in the first, and includes something more besides. It comprehended civil cases as well as criminal. That the state was interested in these cases, within the meaning of this section, admits of no doubt; that Plymouth county was not, except in common with all other counties, as a sub-division of the state, is equally clear. All of the expenses of the trial were chargeable to, and had to be paid by, Woodbury county. Code 1873, section 4381.

What county is it, then, that may employ counsel to assist the county attorney? If it is Plymouth county, as appellee contends, then the board of that county is authorized by contract to bind Woodbury county. This would be contrary to the whole policy of our law. On the other hand, if these cases had remained for trial in Woodbury county, the board of supervisors there could certainly have employed a person to assist the county attorney. Where is there any provision of law that says this right is lost by a change of venue being taken? After the indictments were found, and while the cases were still pending in Woodbury county, if the board had employed assistance for the prosecution, would it not have been bound by such contract after the change of place of trial was made? There seems but one answer to this question; and it follows that the county in which this right is once vested retains it, for there is no statute taking it away. If Woodbury county had not exercised this right, and the county attorney of Ply-

mouth county had felt the need of assistance, he could procure it only through the order of the trial judge.

III. Furthermore, we think that, as Woodbury county had all of the costs to pay in case the prosecution failed or in event of the inability of defendants to pay the same, it was interested, within the meaning of the section so frequently referred to above. We do not regard the case of *Modoc Co. v. Spencer,* 103 Cal. 498 (37 Pac. Rep. 483), cited by defendant, in opposition to this view, as in point. Under the statute construed in that case, the board could employ counsel only in actions "to which the county is a party." The holding was that the fact that the county was interested to the extent of the costs in a state case did not warrant it in procuring assistance for the regularly elected prosecutor. Indeed, of the many cases cited, none were under statutes identical with ours. We are content to rest our holding on principle alone.

IV. But it is said that the statute gives the board authority to employ outside counsel "to assist the county attorney" alone; that, if it be conceded that the board of Woodbury county might legally employ an attorney to assist the county attorney of that county, it could go no further. We are not inclined to construe the words last quoted as restrictive. They seem rather to be descriptive only. Where the state or county is interested, the board may employ counsel to assist the county attorney; i. e. to aid in caring for the interests so at stake. It is not necessary that the county attorney should do anything in the matter in order to warrant the board in acting. *Taylor County v. Standley, supra,* gives some support to this last statement.

V. Again, it is said by defendant that, Plymouth county being primarily liable for the costs of these prosecutions, this action should have been brought against it. There is nothing in this point. Plymouth county's liability is only for the costs which it had a legal right to make. It could not be sued on a contract to which it was not a party.

VI.   What we have said disposes in plaintiff's favor also of that branch of his claim which is for services rendered in this court, in these cases, under a contract made after his term of office as county attorney had expired.   The demurrer should have been overruled.—REVERSED.

·   LADD, J., took no part.