## THE ADULA.

### (District Court, S. D. Georgia, E. D.   July 18, 1901.)

**1. PRIZE CAUSES—COMPENSATION OF PERSONS FOR SERVICES—CLERK.**

Rev. St. § 4623 [U. S. Comp. St. 1901, p. 3130], relating to prize causes, provides that if a sale of property is ordered the marshal shall sell the same, and forthwith deposit the gross proceeds with the assistant treasurer of the United States nearest the place of sale, subject to the order of the court in the particular cause.   Section 4626 [U. S. Comp. St. 1901, p. 3131] provides that any money deposited in lieu of stipulation, and all money collected on a stipulation, shall be deposited with the assistant treasurer in the same manner as directed with the proceeds of a sale. *Held*, that the fact that by agreement between the parties money paid on a stipulation in a prize case was paid into the registry of the court instead of being deposited as provided by statute did not entitle the clerk to a commission thereon.

**2. SAME—PRIZE COMMISSIONERS.**

Rev. St. § 4647 [U. S. Comp. St. 1901, p. 3138], requiring prize commissioners to report annually all sums received by them in prize causes, and allowing them to retain $3,000 a year, merely fixes their maximum compensation, and does not require a court to allow them $3,000 for services rendered during a year.

**3. SAME—MARSHAL.**

A marshal may properly be allowed compensation outside of his statutory fees for services rendered outside his district in transferring a prize to another district under order of the court, as authorized by Rev. St. § 4629 [U. S. Comp. St. 1901, p. 3132].

**4. SAME.**

The compensation to be allowed to officers and other persons rendering services in a prize cause considered and determined.

Libel in Rem against Prize.   On exceptions to report of master fixing compensation to be allowed to officers and others for services rendered in the cause and disbursements made.

Marion Erwin, U. S. Atty.

SPEER, District Judge.   In this case the special master is charged by order of the court with the following duties:

"Fixing the reasonable and just compensation to which the following parties are entitled, if any, in the above-stated cause, to wit:   H. H. King, clerk; John M. Egan, appraiser;   Clarence S. Connerat, appraiser;   Thomas F. Screven, executor of John Screven, appraiser;   Julian Schley, prize commissioner;   Josephine M. Denmark, executrix of Edgar Denmark, prize commissioner;   C. H. Dorsett, auctioneer;   John M. Barnes, for his commission;   also what extra compensation, if any, he will be entitled to for his services rendered in carrying the Adula to New York, and services in and about the same there;   also what amount should be paid to him for his actual custody and necessary expenses for the custody, care, and preservation and insurance of the prize property, and in execution of the orders of the court in reference to

the same, on vouchers paid, and also vouchers rendered to be paid; Marion Erwin, United States district attorney, for all services rendered by him to the government and captors in said case, if any; W. R. Leaken, assistant United States attorney, for all services rendered by him to the government and captors in said case, if any; George T. Cann and Manning White, stenographers, for services in said case."

The master, after due notice to the parties in interest, proceeded with the performance of his duty, and made the following findings: To H. H. King, clerk of the United States District Court, $26.85 as fees, and $500 commissions on $50,000, the same being 1 per cent. of the amount paid into the registry of the court on stipulation of claimants on which the steamship Adula was released; to John M. Egan, Clarence S. Connerat, and Thomas F. Screven, executor of John Screven, appraisers, for their services in ascertaining the value of the Adula, the sum of $100 each; to Julian Schley and Mrs. Josephine M. Denmark, executrix of Edgar Denmark, prize commissioners, for services rendered in the proceedings for condemnation, the sum of $750 each; to George T. Cann and Manning White, stenographers employed by the prize commissioners, $86.10 and $144.55, respectively; to C. H. Dorsett, auctioneer, $125, this being one-half of the compensation to which he would have been entitled if a sale had been made by him; to John M. Barnes, United States marshal, $1,427.15 for expenses incurred by him in connection with the prize. These have been paid by the marshal out of the appropriation for salaries, fees, and expenses of marshals. This allowance the master finds the marshal should deposit in his account to the credit of the fund for the payment of salaries, fees, and expenses of marshals, so as to reimburse that fund for the advances made on this account. The master also finds, for the marshal $2,097.59 to pay off a number of expenses against the ship which have been duly proven. These expenses were necessarily incident to the custody, control, protection, and navigation of the Adula while in his custody, such items for instance as fees of harbor master, boarding and fumigation, food supplies for crew, board of crew, insurance, repairs to machinery, towage, ship supplies, hire of derrick, compensation of wrecking company, etc. The master further finds that there is no provision of law which authorizes compensation to be paid to an assistant district attorney. He finds for the district attorney the sum of $3,750 for compensation for his services in the trial of the main case. This resulted in the condemnation of the Adula and the recovery from the Atlas Steamship Company of $50,000, which, less costs and expenses, must be divided between the United States and such officers and enlisted men of the navy as are legally entitled to share in the value of the prize. This finding also comprehends the services rendered to the United States and the captors in defending the Adula from the intervention for salvage of the White Star Towing Company; that company having presented a claim for $15,000, and after the trial having been allowed $1,000, for extinguishing a fire on the Adula, which occurred while she was in charge of the marshal in New York Harbor. For his cost and commissions the master allows the United States marshal $82.70, and for his compensation he is allowed the sum of $1,000.

It is evident from the master's report that his examination of the intricate and novel questions of law, and as well the questions of fact, involved has been thorough, and his findings are very serviceable to the court.

As to the propriety of the allowance of $500 to the clerk as 1 per cent. commissions on the $50,000 collected on the stipulation in view of which the Adula was released to her owners the court has some difficulty. Section 828 of the Revised Statutes [U. S. Comp. St. 1901, p. 635], allows the clerk "for receiving, keeping and paying out money in pursuance of any statute or order of the court one per centum on the amount so received, kept and paid." Section 4626 of the Revised Statutes [U. S. Comp. St. 1901, p. 3131], which relates specifically to prize causes, provides that "any money deposited in lieu of stipulation and all money collected on a stipulation, not being costs, shall be deposited with the assistant treasurer in the same manner as directed with the proceeds of a sale." Section 4623 of the Revised Statutes [U. S. Comp. St. 1901, p. 3130] provides: "If a sale of property is ordered, the marshal shall sell the same in the manner required by the court, and collect the purchase money and forthwith deposit the gross proceeds of the sales with the assistant treasurer of the United States nearest the place of sale, subject to the order of the court in the particular cause." In this case, by agreement between the parties, the money was deposited in the registry of the court, and upon deposits in the registry the clerk has been uniformly allowed his commission of 1 per cent. Thus the question is presented, is the allowance to the clerk of 1 per cent. commissions on this deposit permissible, in view of the statutory provisions above set forth? If not, it would seem that a clerk is entitled only to his ordinary costs and the fee for his services in prize causes, namely $25, and is not entitled to a commission on the entire sum. Since it is clear that the money collected on a stipulation should be deposited with the assistant treasurer in the same manner as if the ship itself had been sold, in this case the stipulation ought to have provided that the proceeds should be thus deposited subject to the order of the court, and the fact that the stipulation provided otherwise cannot legally subject the fund to an exaction which could not have been made upon it had there been a compliance with the terms of the statute. For these reasons the allowance made by the master of $500 as commissions to H. H. King, clerk of the district court, is disapproved. No hardship is inflicted upon the clerk, for his ordinary costs and allowance under the statute is ample compensation for all the services he has rendered.

The appraisers were of the opinion, as appears from the letter of their counsel, that their services were worth $500 each. These gentlemen took their oath of office as appraisers, and on the same day made their report. Since, therefore, their services were completed in a part of one day, the allowance of the master is quite liberal and is approved.

It is objected by the prize commissioners that the allowance of $750 by the master is not sufficient. It appears from the record, however, that these gentlemen were engaged in taking testimony for only about 11 days, and, while the duties of these gentlemen were performed in

a manner highly satisfactory, the court is satisfied that a smaller sum than that fixed by the master would be more than sufficient compensation, and accordingly adjudges that each prize commissioner should be paid the sum of $525. It is to be observed that the testimony taken before these gentlemen was not written out by them, but was reported by stenographers, who are themselves paid from this fund. The contention that section 4647, Rev. St. [U. S. Comp. St. 1901, p. 3138], allows them $3,000 per annum is not maintainable. This is a maximum limit for the earnings of prize commissioners in any one year, and is in no sense a direction to the court to allow that sum. The fees of the stenographers are approved.

The allowance of $125 to C. H. Dorsett, the auctioneer, who attempted to sell the property, but failed to do so, is also approved. This gentleman claims $320.61. Had the sale been effected at the stipulated price of the ship, his fees at the usual rate would have been only $250, which is one-half of 1 per cent. As he made no sale, one-quarter of 1 per cent., the amount allowed him, seems just and equitable.

The expense account of the marshal, $1,427.15, fully supported by vouchers, is also allowed, as are likewise the ascertained claims against the ship, $2,097.59.

The allowance of $3,750 to the United States attorney the court must regretfully modify. This is $250 more than the salary of that skillful officer for an entire year. It is true that the case of the Adula involved great, novel, and difficult questions of international and prize law, and the preparation of the district attorney, Hon. Marion Erwin, deserves and has received the commendation of the Department of Justice and is commended by the court. The Adula was, it is believed, the only neutral vessel finally condemned as prize during the Spanish American war, and so difficult were the questions involved that the Supreme Court of the United States had an almost equal division of opinion upon the propriety of the decree of condemnation made by this court, which difference of the supreme appellate tribunal is recorded with remarkable energy of diction and emphasis of expression. There was a rehearing, with an unchanged result. The proctors for the Adula then adopted the unusual and perhaps unprecedented course of making application to the President for executive clemency to this blockade runner captured in Guantanamo Bay by the Marblehead, Commander Bowman H. McCalla, but the President concluded that he would not disturb the rights which had been vested in the captors by the decisions of the courts. To the success of the case of the United States in the courts the research and preparation of the district attorney was most essential. It must, however, be borne in mind that he is already a salaried officer of the government, and, while the reasoning of the master upon the law indicates clearly that he is entitled to additional compensation in prize cases, the statute also provides that such compensation shall not exceed $3,000 a year. It is true that this statute is not in all respects applicable to this case, which has remained in the courts for about three years. The spirit of the statute, however, is strongly advisory, and it cannot be said that Mr. Erwin was engaged anything like a year in the preparation

and conduct of this cause. For these and other reasons, his allowance will be reduced to $2,800.

The master has allowed John M. Barnes, Esq., United States marshal, $1,000 for his services rendered outside the Southern District of Georgia. Under the circumstances of the case, the court has been obliged to conclude that this allowance is excessive. It is perhaps debatable under section 4645, Rev. St. [U. S. Comp. St. 1901, p. 3137], whether the marshal is entitled in prize cases to more than a commission of one-fourth of 1 per cent. on vessels and one-half of 1 per cent. on all other prize property, calculated on the gross proceeds of each sale. In view of section 4629 [U. S. Comp. St. 1901, p. 3132], which authorizes the court to direct the marshal whenever necessary to transfer a vessel to another district for sale, and also in consideration of the principle decided in United States v. Winston, 170 U. S. 522, 18 Sup. Ct. 701, 42 L. Ed. 1130, the conclusions of the master that the marshal may be compensated for his services rendered outside of the Southern District of Georgia in carrying the Adula to New York for sale are approved. It is certainly true that for his services in the Southern District of Georgia the marshal is allowed by statute only $62.50 in addition to his regular fees. It is also true that the laborious work done by the marshal, such as the examination of claims, verification of vouchers, care of the prize ship, crew, and witnesses, was performed in the Southern District of Georgia. His services outside of the district extended over 20 days, and, since this is the only period for which under the law the allowance of extra compensation is permissible, $500 is, in the opinion of the court, under all the circumstances of the case, adequate compensation for such services.

Save as herein modified, in all other respects the master's report will be approved.

As to the vessels entitled to share in the proceeds of the capture, there appearing to be no contest, and the United States district attorney having stated in open court that this and the respective amounts due each ship has been adjusted and agreed upon by the parties at interest and the proper authorities of the government, the decree for such purpose, as prepared by the United States attorney and submitted to the court, will be accordingly signed.