[No. 6566. Decided February 26, 1907.]

CHARLES O. BATES, *Respondent*, v. SCHOOL DISTRICT No. 10, OF PIERCE COUNTY, *Appellant*.[1]

ATTORNEY AND CLIENT—CONTRACT FOR FEES—EVIDENCE—ESTOPPEL TO CLAIM. Where a county attorney seeks to recover fees from a school district for attending to the trial of a case, rendered upon request of the district, without any express agreement, the fact that for five years previously, while the attorney was first deputy, the school district had been in the habit of paying the county attorney for such services is material, as it shows that the attorney was not estopped to recover fees by reason of a course of conduct in the county attorney's office.

DISTRICT AND PROSECUTING ATTORNEYS—DUTIES—REPRESENTING SCHOOL DISTRICT—RIGHT TO COMPENSATION. Under Bal. Code, § 468, requiring the county attorney to give legal advice and draw contracts and like instruments for precinct officers and school directors, he is not required to prosecute or defend litigation for a school district, as his duties are only such as are prescribed by statute.

ATTORNEY AND CLIENT—COMPENSATION—AMOUNT—FINDINGS—APPEAL—REVIEW—DECISION. A finding that $250 is a reasonable attorney's fee for services rendered is without support, where the case was tried upon an agreed statement of facts which fails to state what was a reasonable amount; and where it was agreed that a bill for $150 had been presented before suit, the judgment will, on appeal, be reduced to such amount.

Appeal from a judgment of the superior court for Pierce county, Huston, J., entered June 8, 1906, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action by an attorney to recover fees for professional services rendered. Affirmed.

*F. D. Oakley*, for appellant.

*Charles O. Bates* and *Walter M. Harvey*, for respondent.

HADLEY, C. J.—The plaintiff, who is an attorney, sued the defendant to recover attorney's fees for professional services rendered. The amount claimed is $250. The de-

1Reported in 88 Pac. 944.

fendant is a school district of Pierce county, and in its answer to the complaint it alleged, that at all times mentioned in the complaint the plaintiff was the prosecuting attorney of Pierce county; that the defendant consulted the plaintiff as such prosecuting attorney, and acted upon his advice in a certain controversy in which the defendant was involved; that the defendant was afterwards sued in said matter, and the plaintiff represented the defendant in said cause as prosecuting attorney for Pierce county; that the plaintiff was not employed by the defendant as its private attorney in said cause, or in any other capacity than as prosecuting attorney of Pierce county, and that the defendant did not promise to pay plaintiff any sum whatever for his services so rendered. By reply the plaintiff denied that he represented the defendant as prosecuting attorney, and alleged that he represented it in said cause as its private attorney.

Under issues as above stated the cause was submitted to the court for trial without a jury upon an agreed statement of facts. The stipulation as to the facts shows that on and after January 9, 1905, and at the time of said former suit, the plaintiff was the prosecuting attorney of Pierce county, and that he had been the chief deputy prosecuting attorney of said county for five years prior to said January 9, 1905; that on the 15th day of April, 1905, the defendant was served with summons in said former suit, and on the 19th day of the same month the board of directors of the defendant at a regular meeting referred the complaint and summons to the plaintiff herein, and requested him to appear and defend said action for the defendant; that both the plaintiff and this defendant well knew that it had been the habit of the defendant to pay attorney's fees to the prosecuting attorney whenever the latter appeared for the defendant in any case, but that the plaintiff had never during his term of office appeared for the defendant, for the reason

that there were no cases in court against it; that in compliance with the defendant's request, the plaintiff appeared for the school district in said cause, filed an answer therein, and acted as the defendant's attorney in the trial of the cause in the superior court of Pierce county, where a verdict was rendered in the cause; that the fees sought to be recovered in this suit are for services rendered by the plaintiff herein in the conduct of the defense in said former action, and are for no other services or advice. The stipulation also shows that, after the rendition of judgment in the former case, the plaintiff handed a bill to defendant for $150, for his services rendered in said cause, and that the same was rejected by the board of directors, for the reason that the majority of the members thereof believed that the services should have been rendered by the county attorney without other compensation than that which he receives as county attorney. Upon the above facts the court rendered a judgment in this cause in favor of the plaintiff for $250, and the school district has appealed.

It is assigned that the court erred in making its finding of fact No. 2, which is to the effect that respondent appeared for the school district in said action, conducted its defense until verdict was rendered, and that the fees here sought to be recovered are for services rendered in the conduct of said defense, and are for no other services or advice. It is contended that the court should have found that the services were rendered by appellant as county attorney. From the facts shown by the agreed statement of facts, we believe the court did not err in the particular mentioned. There is nothing to show that there was any express understanding or agreement that the services were to be rendered by appellant as county attorney and without any charge for services. Upon the other hand, it was agreed that it was well known by both parties that it had been the habit of the appellant to pay attorney's fees to the prosecuting attorney of Pierce

county whenever he appeared for the school district as its attorney in any cause; but that respondent had not so appeared because there had previously been no cases in court against the school district since the respondent became county attorney. The parties reserved the right to object at the trial to the materiality of any agreed facts, and on objection the court excluded the facts last above stated as immaterial. We think said facts are material, and that on the hearing here they should be considered in this court. Such facts eliminated any element of estoppel by which respondent might be estopped through a course of conduct in the prosecuting attorney's office, since they show that that officer had not been in the habit of rendering services for appellant in court in the capacity of county attorney, but had been paid by appellant for such service. The facts show that for five years respondent had been chief deputy in the county attorney's office, and that this habit and course of dealing between that office and the appellant was well known to him as well as to appellant. We therefore find nothing in the agreed facts which obligated respondent to render the services in any other capacity than that of a private attorney for compensation, unless the law made it his duty to render the services, and without other compensation than that paid him as county attorney.

We shall now consider the duty of the prosecuting attorney in the premises, as provided by law. This court has said:

"The duties of the prosecuting attorney are prescribed by statute. His office is defined, and his authority comes from the same source of power as does that of the court, and the functions of each are prescribed by law." *State v. Heaton*, 21 Wash. 59, 56 Pac. 843.

The authority of the prosecuting attorney to appear in a particular proceeding is ordinarily, at least, found in the statute. *State ex rel. Attorney General v. Seattle Gas etc. Co.*, 28 Wash. 488, 68 Pac. 946, 70 Pac. 114; *Montgomery County v. Tipton*, 12 Ky. Law 847, 15 S. W. 249. In this state the prosecuting attorney is also the county attorney,

and the relations of that officer to the county may be such as possibly require him to appear in behalf of the county in some instances, even if the specific duty may not be particularly and expressly prescribed by statute. If so, the duty arises out of the obligations he has assumed as an officer of the county to discharge the general functions of an attorney in his behalf. A school district is, however, not the county. It is a legal subdivision of the county, but it is a distinct entity; and is in this state a separate municipal corporation. It cannot reasonably be said that because one is the attorney for the county, he is for that reason obligated to act as the attorney of every other municipal corporation which is a legal subdivision of the county. The one duty is by no means included within the other, and unless a statute so declares, the county attorney is not required to act as the attorney for school districts in litigated matters. A number of statutes have been called to our attention which specify duties for the prosecuting attorney, but the only one which in terms in any way refers to school districts is Bal. Code, § 468 (P. C. § 4190), which is as follows:

"The prosecuting attorney in each county is hereby required to give legal advice, when required, to all county and precinct officers, and directors and superintendents of common schools, in all matters relating to their official business, and when so required, he shall draw up, in writing, all contracts, obligations, and like instruments of an official nature, for the use of said officers."

It will be observed that the duties prescribed in the above section are that the prosecuting attorney shall give "legal advice" to school directors, and shall "draw up in writing all contracts, obligations and like instruments of an official nature for the use of said officers." The prescribed duties do not specify such as appearing in court to prosecute or defend litigation. Duties of the last-named nature are much more burdensome than those specified in the statute, and it should not be held that they are classified together unless

the legislature has made it unmistakably clear that such was intended. We think it is manifest from the language used that the legislature never intended by the above statute to require county attorneys to appear in court and carry the burdens of conducting litigation in behalf of school districts. Such was the nature of the services rendered in this case. While the answer alleges that respondent advised appellant concerning the subject-matter of this litigation before the suit was brought, yet the agreed facts show that the actual services for which respondent seeks to recover were rendered in the litigation by the conduct of the defense. We therefore find no statute enjoining the duty upon respondent to discharge the services rendered as county attorney, and in the absence of such a statute he was not required to do so. *Bevington v. Woodbury County*, 107 Iowa 424, 78 N. W. 222; *Town of Eagle River v. Oneida County*, 86 Wis. 266, 56 N. W. 644; *Sands v. Frontier County*, 42 Neb. 837, 60 N. W. 1017; *Huffman v. Commissioners*, 23 Kan. 281. Inasmuch, therefore, as there was no statute requiring respondent as county attorney to conduct said litigation, he was not then discharging his official duties as county attorney, but was acting as a private attorney for the school district, and he is entitled to compensation. *United States v. Winston*, 170 U. S. 522, 18 Sup. Ct. 701, 42 L. Ed. 1130.

It is next assigned that the court erred in making its finding of fact No. 5, and in its conclusion of law from all the facts. The said finding is that $250 is a reasonable amount to be paid for the services rendered, and the conclusion is that respondent is entitled to a judgment for that amount and costs. We think the exception to the finding as to the amount is well taken. The agreed statement shows that respondent submitted to appellant a bill for $150 for these services. It is not shown that it was an offer of compromise or a mere attempt to settle a disputed claim, but rather that it was a straight statement of the amount of respondent's

charge. The agreed statement does not say that $250 is a reasonable amount, and there was no evidence on the subject outside of the statement. We think, under such circumstances, that the court erred when it found the amount in a greater sum than $150, the amount at which respondent himself had fixed it when he rendered his bill of charges to appellant.

We therefore conclude that the amount of recovery should be reduced to the sum of $150, and the cause is remanded with instructions to modify the judgment as indicated. In all other respects the judgment is affirmed. The appellant shall recover its costs on this appeal.

CROW, ROOT, MOUNT, and RUDKIN, JJ., concur.