[No. 25131. Department One. May 25, 1934.]

THE STATE OF WASHINGTON, *on the Relation of Austin E. Griffiths, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY *et al.*, *Respondents.*[1]

[1]Reported in 33 P. (2d) 94.

*John S. Robinson* and *Griffiths & Cluck,* for relator.
*Nelson R. Anderson,* for respondents.
*W. G. McLaren, amicus curiae.*

STEINERT, J.—Relator is a director of school district No. 1. His term commenced in June, 1932, and expires in June, 1935. On March 13, 1934, he was elected councilman of the city of Seattle for a term of three years, commencing June 4, 1934. After qualifying for the office of councilman, relator announced that he would hold both offices and perform the duties of each. An action was thereupon begun by a taxpayer to test the right of the relator to hold the office of councilman while serving as school director. Relator's demurrer to the complaint was overruled by the court. Upon the refusal of relator to plead further, the court entered a decree prohibiting relator from taking or holding the office of councilman unless he should resign or retire from the office of school director. Upon the application of relator, a writ of certiorari issued from this court to review the proceedings of the court below. The matter is now before us upon the return to the writ.

Art. XIX, § 13, of the charter of the city of Seattle, provides, in part, as follows:

"OFFICERS NOT TO HOLD OTHER OFFICE; EXCEPTIONS; NOT INTERESTED IN CONTRACTS; NOT TO ACCEPT PASSES; FORFEITURE OF OFFICE; FORFEITURE OF SALARY; RECOVERY OF FORFEITED SALARY:—No head of department or other elective or appointive officer, councilman or member of any board, commission or bureau, created by or under this charter, except policemen or firemen, shall hold any other office, federal, state, county or munici-

pal, except in the National Guard or as a notary public, . . ."

The remainder of the section contains provisions prohibiting elective or appointive officers of the city from being employed by the city in any other department, or from being interested, directly or indirectly, in any contract with the city, or from accepting passes from any transportation company operating within the city.

It is apparent from a reading of this section that the framers of the city charter determined that the persons named in the section should not hold *any other office* except as therein expressly permitted. There can be no public office other than Federal, state, county or municipal. These descriptive words add nothing except emphasis to what is already compendiously expressed in the preceding word "office." Beyond that, their only effect is to evidence a meticulous endeavor to discriminate between public offices and offices of a private nature. Immediately following these attributive words occur the exceptions, with such particularity as to leave no room for doubt concerning what was included therein and what was to be excluded therefrom.

Relator contends that the word "municipal," as used in the charter, must be interpreted in the limited sense of the word "city," rather than in its broader signification. The ablative effect of such construction is at once apparent. The broad and comprehensive meaning of the term "any other office," emphasized by the equally comprehensive adjective phrase "Federal, state, county or municipal," would, under relator's contention, mean something less than the words naturally imply. On the other hand, if the framers of the charter had intended the construction for which relator contends, it is most reasonable to as-

sume that they would either have used the word "city," which is the word used elsewhere in the same section, or else they would have specifically excepted from "municipal" office those particular offices which they did not intend to include, just as they did with respect to National Guardsmen and notaries public. The narrow range of the exceptions affords the strongest evidence of intent to include all other offices, of every kind and description.

A school district is a municipal corporation. Rem. Rev. Stat., § 4702; *Bates v. School Dist. No. 10,* 45 Wash. 498, 88 Pac. 944; *Seattle High School Ch. No. 200 v. Sharples,* 159 Wash. 424, 293 Pac. 994, 72 A. L. R. 1215. Directors of school districts are unquestionably school district officers under Rem. Rev. Stat., §§ 4775, 4776 and 4786. It must logically follow that school directors are municipal officers. We have held that, under a constitutional provision authorizing the investment of permanent school funds in national, state, county or *municipal* bonds, such funds could be invested in school district bonds. If the bonds of a school district are municipal bonds, then, by a parity of reasoning, officers of a school district are municipal officers.

█ Relator next contends that, if the charter provision be held broad enough, in its prohibitive mandate, to include a school director, then the charter provision should be declared invalid as being in contravention of Art. XI, § 10, of the state constitution and of Rem. Rev. Stat., §§ 8977 and 9929.

The constitutional provision referred to authorizes the incorporation of cities and towns and the adoption of charters under general laws. Rem. Rev. Stat., § 8977, provides that all legislative powers of a city shall be vested in a mayor and a city council, who are

to be elected at the times and in such manner and shall perform such duties as may be prescribed in their charter. Rem. Rev. Stat., § 9929, provides that no person shall be competent to hold an elective office within the state or any of its political subdivisions, including that of school district, unless he be a citizen of the United States and of the state of Washington and an elector of such political subdivision.

Relator's argument is that the constitutional provision, taken in connection with the statute, prescribes the qualifications of elective officers of municipal corporations, and that the charter may not superadd other and different qualifications thereto. We do not readily follow this line of argument. Rem. Rev. Stat., § 8966, enumerates the powers which cities may exercise, the first of which is "to provide for general and special elections, for questions to be voted upon, and for the election of officers." Rem. Rev. Stat., § 8982, provides that the rule calling for a strict construction of statutes in derogation of the common law shall not apply to the act pertaining to cities of twenty thousand, or more, inhabitants, but that such act shall be liberally construed for the purpose of carrying out the objects for which it is intended. *State ex rel. Ennis v. Superior Court,* 153 Wash. 139, 279 Pac. 601. While the charter framed by the city is subject to, and controlled by, general laws, the limitation simply means that the provisions of the charter shall not be in contravention of any legislative enactment. *Walker v. Spokane,* 62 Wash. 312, 113 Pac. 775, Ann. Cas. 1912C, 994.

The only attack made by the relator upon the charter is that it purports to superadd certain qualifications necessary for elective officers to those imposed by the legislature. Assuming, for the sake of argument, that the language of the charter is to be interpreted as, in

fact, imposing superadded qualifications, it does not follow that it contravenes the statute. Had the framers of the charter sought to lessen the requirements demanded by the statute, a different question would be presented, for then the charter would be in direct conflict with the statute. But that is not the case here. Section 9929 merely provides that no person shall be competent to hold elective office unless he possesses certain qualifications. It does not say that no other requirements shall be prescribed, nor does it say that the political subdivision therein named may not impose restrictions not inconsistent with the statute.

After all, the statute merely fixes a minimum of qualification below which its political subdivisions may not go. It does not say that other qualifications may not be required, in so far as they affect only the particular subdivision. There is very substantial reason, in our opinion, why cities of the first class should insist, and be permitted to require, that its councilmen shall not hold any other municipal office, and thus divide their time as well as their allegiance. The charter provision is not, in our opinion, in contravention of either the constitution or the statute.

Other questions are discussed in the briefs, but inasmuch as the charter provision is vital and controlling, we need not discuss them.

Affirmed.

BEALS, C. J., MAIN, HOLCOMB, and MILLARD, JJ., concur.